17 89
44 425

---

THE STATE OF KANSAS v. H. T. ANDERSON, *et al.*

1. APPEALS FROM JUSTICE, *in Criminal Actions; Original Complaint.* On appeal in a criminal case from a judgment of a justice of the peace to the district court, it is the duty of the justice to certify up the original complaint, and it is not sufficient for him to send a certified copy; and it is error for the district court to proceed to trial over the objection of the defendant upon such certified copy.

2. TRIAL—*When No Waiver.* In such case the defendants have not waived their right to object to trial upon such copy, from the fact that at a prior term they had gone to trial thereon without objection.

*Appeal from Ellsworth District Court.*

APPELLANTS were tried and convicted of an assault and battery, at the May Term 1875 of the district court. *H. T. Anderson* was adjudged to pay a fine of $40, and one-half the costs of prosecution, and *L. H. Anderson* was adjudged to pay a fine of $25 and one-half the costs. From such judgment they appeal to this court.

*J. G. Mohler,* for appellants.

*Ira E. Lloyd, H. L. Pestana,* and *P. T. Pendleton,* for The State.

7—17 KAS.

The opinion of the court was delivered by

BREWER, J.: Defendants were convicted of an assault and battery before a justice of the peace, and appealed therefrom to the district court. The justice, instead of certifying up the original complaint, sent to the district court a certified copy. When the case was called for trial in the district court, the defendants in all proper ways objected to any trial upon such copy, but the court overruled their objections, and the case was tried upon a copy of the complaint certified by the justice to be a true copy. In this we think the court erred, and that the error was a vital one. The statute requires the justice on appeal of a criminal case to "make return of the proceedings had before him," and to "certify the complaint and warrant, together with all recognizances," to the district court, and that court is to "hear and determine any cause brought by appeal from a justice of the peace upon the original complaint, unless such complaint shall be found insufficient and defective, in which event the court at any stage of the proceedings shall order a new complaint to be filed therein." (Gen. Stat., pp. 882, 883, §§ 21, 22.) There is nowhere in the statute any authority for putting a party upon trial upon merely a copy so certified. It is a proceeding without sanction of law, and cannot be sustained. And we think it would be a dangerous precedent; for while a copy may be accurate, yet there is always more or less of doubt thereof. And in criminal cases especially, as far as possible, all doubts should be eliminated, and it be certain that the party is tried upon exactly the charge preferred against him. In respect to indictments, it is true, a trial may sometimes be had upon a copy. But see how carefully the law has provided for the accuracy of the copy. It requires that every indictment shall be recorded by the clerk at the term at which it is found, in a book to be kept for that purpose; that the judge shall compare this record with the original indictment, and certify to the correctness of it; and then, in case of the loss or destruction of the original, the case can be tried on a

copy from this record. (Gen. Stat. 839, § 117.) As after the discharge of a grand jury, it would be often impossible to reconvene the same jurors, and as the indictment is the record of the determination of a body which, once discharged, has ceased to exist, and a determination which is the foundation of further and important judicial proceedings, it seemed necessary to guard against the failure of those proceedings through the loss or destruction of that record. On the other hand, when the prosecution is by information, which is in the nature of a mere complaint under oath by the prosecuting officer, in case of its loss or destruction he is to file another information, and the trial proceeds upon this as though it was the original and only charge. (Gen. Stat., p. 839, § 118.) Now a complaint before a justice of the peace is more in the nature of an information than an indictment, and in case of its loss or destruction a new complaint should be filed, and trial had upon that. (Gen. Stat. 883, § 22.) Nor do we think the defendants have waived their right to object to being tried upon this copy, from the fact that they had twice at previous terms gone to trial, in each case resulting in a hung jury, upon the copy without objection. They objected at the commencement of this trial, and their previous failure to object was not tantamount to a consent.

We think therefore the judgment must be reversed, and the case remanded with instructions to grant a new trial.

All the Justices concurring.