## THE STATE OF KANSAS v. NAPOLEON GOODWIN.

1. CORRECTION OF VENUE; *Transcript.* Where the court orders the venue of an indictment or information to be corrected, under the provisions of § 231 of the criminal code, the clerk of the district court in which the case is pending should make out a full transcript of the record and proceedings in the cause, including the order of removal, and transmit the same, duly certified under the seal of his court, to the clerk of the court to which the removal is ordered.

2. —— *Joinder of Offenses.* While two or more felonies may, under proper circumstances, be joined in one indictment or information, they must, as a general rule, be in separate counts. A less stringent rule applies to prosecutions for misdemeanors.

3. —— *Prostitution and Concubinage.* Where an information charges that a defendant took away a female under the age of eighteen years from her father, without his consent, for the purpose of prostitution *and* concubinage, there is a joinder of two distinct offenses in one count, and therefore the information is bad, for duplicity.

*Appeal from Mitchell District Court.*

ON November 25, 1883, Richard Lawson filed his complaint under oath with A. B. Chaffee, a justice of the peace of Cloud county, charging that one *Napoleon Goodwin*, on November 24, 1883, in the county of Mitchell and state of Kansas, did then and there unlawfully and feloniously take away from him his daughter, one Nannie Lawson, a female under the age of eighteen years, for the purpose of prostitution and concubinage, and brought her into the county of Cloud, in said state. A warrant was issued on said November 25, by said justice of the peace, and said *Goodwin* was at once arrested. A hearing was had upon the complaint before the justice of the peace on November 26, 1883, and thereupon the said *Goodwin* was required by the justice to enter into a recognizance in the sum of $2,000 for his appearance at the next term of the district court of Cloud county, to answer the complaint filed against him. In default of bail, defendant was committed to jail. On April 24, 1884, the following information (omitting court, title, and verification) was filed against said *Goodwin* under

the provisions of § 35 of the act relating to crimes and punishments:

"I, J. W. Sheafor, the undersigned, county attorney of said county, in the name, by the authority and on behalf of the state of Kansas, come now here and give the court to understand and be informed, that on the 24th day of November, 1883, in the county of Mitchell and state of Kansas, one Napoleon Goodwin did, then and there being, and then and there unlawfully and feloniously take away one Nannie Lawson, a female child under the age of eighteen years, to wit, of the age of fifteen years, from her father, one Richard Lawson, he, the said Richard Lawson, then and there having the legal charge of the person of the said Nannie Lawson, and without the consent of said Richard Lawson, and with the intent and for the purpose of prostitution and concubinage; and the said Napoleon Goodwin did, on the said 24th day of November, 1883, bring the said Nannie Lawson into the said county of Cloud and state of Kansas, she, the said Nannie Lawson, being then and there a female under the age of eighteen years, and away from the said Richard Lawson, he, the said Richard Lawson, being the father and having then and there the legal charge of the person of her, the said Nannie Lawson, and without the consent of the said Richard Lawson unlawfully and feloniously, with the intent and for the purpose of prostitution and concubinage, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Kansas.

J. W. SHEAFOR, *County Attorney.*"

On April 30, 1884, a change of venue was granted upon the motion of the county attorney of Cloud county, and the papers and proceedings were ordered to be certified to Mitchell county. On June 23, 1884, the case came on for hearing before the district court of Mitchell county. Thereupon the defendant moved the court to dismiss the action pending against him, on the ground that the district court of Mitchell county had not jurisdiction. The court overruled the motion, the defendant excepting. The defendant then moved the court to quash the information, for the following reasons:

"1. No information has been presented by the county attorney, as required by law.

"2. The information on file has not been verified, as required by law.

"3. The offense charged is not stated with such a degree of certainty that the court may pronounce judgment upon conviction according to the right of the case.

"4. By reason of defects in the information, substantial rights of the defendant would be prejudiced."

The court overruled the motion, to which ruling the defendant excepted. The defendant then moved the court that the prosecution be required to elect under which charge in the information the state would proceed, whether for taking away for the purpose of prostitution, or taking away for the purpose of concubinage. The court overruled the same, to which ruling the defendant excepted. The defendant was thereupon arraigned and the information read to him, and he was asked to plead thereto, but standing mute, the court directed the clerk to enter a plea to the information of "not guilty," to which ruling the defendant then and there excepted. Thereupon a jury was called, and the trial proceeded with. After the introduction of all the evidence, the arguments of counsel, and charge of the court, the jury returned a verdict finding the defendant guilty as charged. The defendant filed a motion for a new trial, which was overruled, and then filed a motion in arrest of judgment, which was also overruled. The defendant was sentenced to be confined at hard labor in the state penitentiary for the term of one year from and including June 23, 1884, and also to pay all costs of the action. The defendant appeals.

*L. J. Crans,* for appellant.

*S. B. Bradford,* attorney general, for The State; *Edwin A. Austin,* of counsel.

The opinion of the court was delivered by

HORTON, C. J.: After the district court of Cloud county ordered the venue of the information to be corrected, and directed that all the papers and proceedings be certified to the district court of Mitchell county, the clerk of the district

court of Cloud county should have made out a full transcript of the record and proceedings in the cause, including the order of removal and the recognizance of appellant, and of all witnesses, and should have transmitted the same, duly certified under the seal of his court, to the district clerk of Mitchell county. There is no certified transcript in the record, and it does not appear that such transcript was either lost or destroyed. After the transcript of the record and proceedings of the case in the district court of Cloud county had been filed with the clerk of the district court of Mitchell county, then the latter court could have proceeded with the case in the same manner as if it had been commenced there. Although the district court transferred the case under the provisions of § 231 of the criminal code, yet the transcript and proceedings thereafter should have conformed as nearly as possible with the provisions of §§ 188, 189 and 190 of the criminal code.

The information was drawn, we suppose, under § 35 of the act relating to crimes and punishments, which reads:

"Every person who shall take away any female under the age of eighteen years from her father, mother, guardian or other person having legal charge of her person, without their consent, either for the purpose of prostitution or concubinage, shall upon conviction thereof, be punished by confinement and hard labor for the term of not exceeding five years."

The information charges that the female, Nannie Lawson, was taken away for prostitution *and* concubinage. In the information there is a joinder of two distinct felonies in one count. If the appellant took away the female for the purpose of prostitution, under the circumstances alleged in the information, he would be guilty of one offense; but if he took her away for the purpose of concubinage, but not for prostitution, he would be guilty of another offense. If the appellant took the female away for the purpose of prostitution, he did so for the purpose of devoting her to infamous purposes, that is, of offering her body to indiscriminate intercourse with men. If he took her away for concubinage only, then his purpose was to cohabit with her in sexual commerce, without the authority of law or a legal marriage. Now two or more of-

fenses may, under proper circumstances, be joined in one information, but it must be in separate counts. Each count, as a general thing, should embrace one complete statement of a cause of action, and one count should not include distinct offenses — at least, distinct felonies. There are many prominent exceptions to this rule, but as this case is not within the exceptions, they need not be noted. (Wharton's Crim. Pl. and Pr., §§ 244–254; 1 Bishop on Cr. Pro., §§ 433–440.)

Again, if the appellant took away the female for the purpose of prostitution, the jurisdiction of the case was in Mitchell county, where the offense was committed, and also in Cloud county, where the female was brought, (Cr. Code, § 25;) but if the female was taken away for the purpose of concubinage only, then the jurisdiction of the case was in Mitchell county, where the offense was committed, and not in Cloud county. The information was attacked by a motion to quash, and also by a motion to compel an election. Both were overruled. This was error, and also error prejudicial to the rights of the appellant. The evidence offered upon the trial tended to prove that the appellant took away the female for the purpose of concubinage only, yet the jury found a verdict that the appellant was guilty as charged in the information; therefore we cannot tell from the verdict whether the jury found the appellant guilty of taking away the female for the purpose of prostitution, or for the purpose of concubinage, or for both. (Wharton's Crim. Pl. and Pr., § 255; 1 Bishop on Cr. Pro., § 444.)

The rule herein announced does not apply in cases merely of misdemeanors. (*The State v. Schwitzer*, 27 Kas. 499; 1 Chitty on Crim. Law, p. 54.) In offenses inferior to felony, the practice of quashing the indictment, or calling upon the prosecutor to elect upon which charge he shall proceed, does not prevail.

The judgment of the district court will be reversed, and the cause remanded.

VALENTINE, J., concurring.

JOHNSTON, J., not sitting in the case.