The State v. English.

---

## THE STATE OF KANSAS v. V. P. ENGLISH.

1. TRIAL COURT—*Proceedings Presumed Regular.* Unless the contrary affirmatively appears, it will be presumed that the proceedings of the trial court submitted for review were regular.

2. APPEAL; *Want of Certificate, Waived.* When a defendant appeals to the district court from a judgment of a justice of the peace in a criminal action, and there submits to trial without objection, upon a complaint which was not certified to by the justice of the peace, but which was sufficient in other respects, and stated precisely the same offense for which he had been tried before the justice of the peace, he will be held to have waived the want of certification.

3. INSTRUCTIONS, *not Excepted to.* Instructions given by the district court which were not excepted to will not be reviewed in the supreme court.

4. SPECIAL INSTRUCTIONS; *Evidence not in Record.* Where the record contains none of the evidence, nor any statement of facts in the case upon which special instructions are predicated, we cannot determine their applicability, nor that they were erroneously refused.

*Appeal from Miami District Court.*

PROSECUTION for an assault and battery. The complaint charged that on the 20th day of January, 1885, the defend-

ant *V. P. English*, did, in a rude, angry, and insolent manner, unlawfully assault, strike, beat and bruise one Walter Caton, etc. The defendant was a teacher in a public school in Miami county, and the said Walter Caton was a pupil therein. The defendant was tried before a justice of the peace, found guilty, and adjudged to pay a fine of $1, and the costs of the prosecution, taxed at $324.75. He appealed to the district court. Trial at the May Term, 1885, when the jury failed to agree. Trial at the October Term, 1885, when defendant was found guilty, and sentenced to pay a fine of $5 and the costs. He appeals.

*Brayman & Sheldon*, for appellant.

*S. B. Bradford*, attorney general, for The State; *Edwin A. Austin*, of counsel.

The opinion of the court was delivered by

JOHNSTON, J.: On January 29, 1885, a complaint was made and filed before a justice of the peace of Miami county, charging V. P. English with the offense of assault and battery. He was there tried and convicted, and from the judgment of conviction he appealed to the district court. A trial was had in that court, where he was again convicted; and he now prosecutes an appeal to this court. He first objects that the complaint upon which he was tried in the district court was not certified up by the justice of the peace as required by the statute in such cases; and he cites *The State v. Anderson*, 17 Kas. 89, and *The State v. Anderson*, ante, p. 116, as authorities for a reversal. In each of those cases the defect affirmatively appeared in the record. In the first case the record disclosed that the justice, instead of transmitting the original complaint, had sent up what purported to be a certified copy of it; while in the second case there was an affirmative showing that the complaint found among the papers in the case, and upon which the defendant was tried, was not certified to or authenticated in any manner. There is no such showing here, and therefore we cannot say that the complaint in the record, and

upon which the appellant was tried, is not the original one, nor can we say from the record that it has not been identified and certified to as such. Unless the contrary affirmatively

**1. Proceedings presumed regular.**

appears, we are bound to presume that the proceedings were regular, and that the requirements of the statute were followed. It is true that the certification has not been indorsed on or attached to the complaint, but that is not essential. It is enough if it otherwise appears to have been certified to or authenticated. In the case last cited we held that a complaint sent up by a justice without certification might be remedied when an objection was raised at the trial, by causing it to be then certified to or authenticated. If there was a defect in this instance, it could and may have been cured during the trial; but whether a defect existed, and if so, whether or not it was cured, we cannot know, as none of the evidence, and not all of the proceedings in the case, have been brought to this court. Instead of an apparent defect from which a prejudice to the defendant might have resulted, there is that in the record which tends to show that the defendant was tried in the district court on exactly the same charge upon which he was tried and convicted in the justice's court, and that is the substantial requirement of the statute which it is claimed was violated. The complaint bears the file-marks of the justice of the peace, and under the indorsement is attached the official signature of that officer. Besides, in the certified transcript of the proceedings before the justice of the peace, which was transmitted with the complaint to the district court, the justice sets forth the substance of the complaint and charge upon which the defendant was tried, and it corresponds in every essential particular with the allegations of the complaint found in the record. The position of the appellant cannot be maintained for still another consideration, which is that no objection was made by him to a trial upon the complaint as it existed. It was properly verified, clearly stated a public offense, and, as has been seen, charged precisely the same offense for which he had been tried

before the justice of the peace. Having pleaded
to this complaint and submitted to a trial there-
on without objection, he must be held to have
waived the lack of certification, if such irregularity existed.

2. Lack of certificate, waived.

The appellant further complains of the instructions that
were given by the court, and of its·refusal to give several
special instructions which were requested by the defendant.
Neither of these objections is available to the defendant. In
respect to the instructions given, it is sufficient
to say that they do not appear to have been ex-
cepted to at the time by the defendant, and are therefore not
before us for review. Exceptions were taken to those which
were asked and refused, but as the record contains none of
the evidence, and no statement of what the testi-
mony tended to prove, we are unable to determine
the applicability of the instructions requested,
or that there was any error in their refusal. (*Town of Leroy
v. McConnell*, 8 Kas. 273.)

3. Instructions, not excepted to.

4. Special instructions; evidence not in record.

The judgment of the district court will be affirmed.

All the Justices concurring.