44  423
44  612
44  423
46  499
44  423
56  479

---

### The State of Kansas v. Frank Allison.

1. MISDEMEANOR — *Practice* — *No Error.* In a case of misdemeanor before a justice of the peace, the defendant was convicted and sentenced, and he then gave bond and appealed to the district court, where he procured a continuance and entered into a recognizance for his appearance at the next term of the district court, and in such court was afterward tried and convicted and sentenced, and he then appealed to the supreme court; but before his trial in the district court he moved to set aside the recognizance, which motion the court overruled. *Held,* Not error.

2. COMPLAINT — *Certificate* — *Objection, too Late.* In such case the original complaint filed with the justice of the peace was sent to the district court, but was not certified to by the justice of the peace, but the defendant went to trial upon such complaint without making any objection upon the ground that it was not so certified, and after trial and conviction, and after a motion made by him for a new trial

was overruled, he then filed a motion in arrest of judgment, and in such motion and for the first time made the objection that the complaint had not been properly certified to by the justice of the peace; *held*, that the objection came too late, and that the irregularity was waived.

3. ———— *Objection, too Late.* In the justice's court the defendant pleaded "not guilty," and went to trial without objection; *held*, that he thereby waived any supposed insufficiency of the verification of the complaint.

4. ———— *Objections, Not Considered.* Other objections not considered, for the reason that no part of the evidence nor any part of the instructions has been preserved by any bill of exceptions.

*Appeal from Thomas District Court.*

PROSECUTION for unlawful sale of intoxicating liquor. From a conviction at the March term, 1890, the defendant, *Allison*, appeals.

*Joseph A. Gill*, for appellant.

*L. B. Kellogg*, attorney general, for The State.

The opinion of the court was delivered by

VALENTINE, J.: This was a criminal prosecution commenced before a justice of the peace of Thomas county, in which the defendant was charged in three separate counts with selling intoxicating liquors in violation of law. Two trials were had before the justice of the peace, at the first of which the jury disagreed, and at the second the defendant was found guilty on the first count of the complaint, and was sentenced to pay a fine of $100 and costs. The defendant then appealed to the district court, where three separate trials were had, at the first two of which the jury failed to agree, and at the third the defendant was found guilty on the said first count and sentenced to pay a fine of $100 and costs, and be imprisoned in the county jail for thirty days; and from this sentence he now appeals to this court.

I. The first alleged error is, that the district court erred in refusing to set aside a certain recognizance given by the defendant at a previous term of the district court, on a con-

tinuance procured by himself, for his appearance in the district court at its next term. We think no error was committed in this respect, and certainly no material or available error was committed.

II. The second alleged error is, that the defendant was tried upon a paper purporting to be the original complaint filed with the justice of the peace, but which complaint was not certified to by the justice of the peace as being the original complaint. The defendant was tried three times in the district court upon this same complaint, and upon the third trial he was convicted, and at no time did he raise this question as to a want of a proper certificate to the complaint until after his conviction, and until after a motion for a new trial had been made by him and had been overruled by the court, and then he raised the question for the first time by a motion in arrest of judgment. The defendant was undoubtedly tried upon the original complaint filed with the justice of the peace, although probably the same was not certified to by the justice as required by law. (See act regulating the jurisdiction and procedure before justices of the peace in cases of misdemeanor, §§ 21 and 22.) We shall decide this case upon the theory that the complaint upon which the defendant was tried was the *original* complaint, but that it was not certified to by the justice of the peace at all. In the case of *The State v. Anderson*, 17 Kas. 89, the defendant was tried, over his objections, *made before the trial*, upon a certified *copy* of the complaint, and not upon the *original* complaint at all. In the case of *The State v. Anderson*, 34 Kas. 116, the defendant was tried, over his objections, *made before the trial*, upon a complaint not certified to at all. Neither of the foregoing cases necessarily controls this, because, from the entire record in this case and from the action of the parties, it would seem that the defendant must have been tried upon the *original* complaint, and he was tried *before any objection* was made that the complaint had not been properly certified to by the justice of the peace. In the case of *The State v. English*, 34 Kas. 629, the defendant was tried in the district court upon the original complaint filed

with the justice of the peace, but such complaint had not been certified to by the justice of the peace. In that case it was held, that as the defendant went to trial upon the complaint without objection, he waived the want of the certification. The present case we think comes within the last case cited. The defendant cannot be permitted to take the chances of trial and of a possible acquittal upon a complaint sufficient in every respect except merely that it does not appear to have been certified to by the justice of the peace, and then when he is convicted, and after his motion for a new trial has been overruled, raise the question for the first time that the complaint has not been properly certified to by the justice of the peace. We might further state in connection with this point, that neither has the evidence nor have the instructions of the court below been preserved by any bill of exceptions. We might also state that the defendant did urge objections to the aforesaid complaint before his last trial in the district court, but he did not urge the one which we are now considering. He moved to quash the complaint upon various grounds, but none of such grounds included the one that the complaint had not been properly certified to by the justice of the peace; and after the second trial in the district court and before the third, on being arraigned he refused to plead, standing mute, and giving no reason for his refusal. The arraignment, however, at this time was wholly unnecessary, for he had previously been arraigned on the same complaint in the justice's court, and had then and there pleaded "not guilty," and had subsequently defended himself against the charges therein contained on two separate trials in the justice's court and on two additional trials in the district court, all prior to this arraignment in the district court. The defendant's objection that the complaint was not certified to came too late.

III. The third objection made by the defendant is, that the complaint was verified by the county attorney on information and belief only, and that such verification alone was insufficient for the issuance of a warrant for the arrest of the defendant. Even if it were true that the complaint was veri-

fied only upon information and belief, the defect was waived by the defendant in pleading "not guilty" in the justice's court, and going to trial upon the complaint without objection. The defendant also went to trial the first time, and probably also the second time, in the district court upon this complaint without objection. And there was also attached to the complaint the testimony of two witnesses, sworn to positively, tending to support the complaint.

IV. The other objections urged by the defendant cannot be considered, for the reason that no part of the evidence, nor any part of the instructions, has been preserved by any bill of exceptions. We think, however, no error was committed.

The judgment of the court below will be affirmed.

All the Justices concurring.