## THE STATE OF KANSAS v. RHEINHARDT FALK.

1. INTOXICATING LIQUOR—*Unlawful Sale—Plea in Abatement.* Where the defendant filed a plea in abatement to an information wherein he was charged with violating the prohibitory law, upon the ground (1) that he was informed against as Rheinhardt Valk, when his true name was Rheinhardt Falk; (2) that the information was not founded upon any information or knowledge of the county attorney when he verified the same; and there was a hearing upon the plea, and the same was sustained as to certain counts and overruled as to others; and the defendant afterward was arraigned and entered the plea of not guilty, and was tried upon the counts in the information to which the plea in abatement had been overruled, and found guilty: *Held,* That no error was committed.

2. ——————— *Election of Counts.* When a plea in abatement has been sustained as to certain counts in an information, it is not proper for the state to ask a conviction upon any of such counts, and when an election is made in writing at the close of the evidence upon the part of the state, it cannot modify such election after all the evidence is. admitted.

3. INSTRUCTION—*No Substantial Error.* Where the court has instructed the jury properly, but omits some matter which might with propriety have been given, no substantial error is committed unless the court has been requested to instruct with reference to such matter. (*The State v. Peterson,* 38 Kas. 204, followed.)

4. EVIDENCE—*Order of Court, Disobeyed.* It is not error, in a criminal case, for the trial court to receive the evidence of a witness, notwithstanding the fact that he has violated an order of the court to remain outside of the court-room while other witnesses are testifying. He may be punished for disobeying a rule of the court, but the state or the defendant should not be deprived of his evidence.

*Appeal from Wyandotte District Court.*

PROSECUTION for a violation of the prohibitory liquor law. On November 29, 1890, on the 14 counts on which the defendant, *Falk,* was found guilty, he was sentenced to pay a fine of $100 and costs, and to imprisonment in the county jail for 30 days, on each count. He appeals.

*Brown & Kline,* for appellant.

*John N. Ives,* attorney general, and *Henry McGrew,* county attorney, for The State.

Opinion by GREEN, C.: The appellant was charged, in an information containing 60 counts, with violating the prohibitory law, in Wyandotte county. A plea in abatement was filed, and sustained, except as to the first 14 counts in the information. The defendant was afterward arraigned, and entered the plea of not guilty, and was tried and convicted on 14 counts.

I. The appellant claims that the court erred in overruling in part his plea in abatement, and assigns as a reason that the information did not state his name correctly; that it purported to inform against Rheinhardt Valk, while his name is Rheinhardt Falk. We fail to see wherein the defendant was prejudiced by the ruling of the court. After the plea in abatement had been heard, he was proceeded against by the name of Rheinhardt Falk, and by that name was tried and convicted; and no substantial error was committed. Other objections are urged against the information — that it nowhere showed who had knowledge of any of the offenses charged; that it was not supported by the oath or affirmation of any one, and no statement of any witness was filed with the information. All of these objections were waived by the defendant in pleading not guilty. No motion was made to quash the warrant or information. (*The State v. Allison*, 44 Kas. 423; same case, 24 Pac. Rep. 964; *The State v. Ashe*, 44 id. 84; *The State v. Jessup*, 42 id. 422.) Besides, we cannot say from the record before us that the testimony of the witnesses was not filed. The recitals in the record would indicate that the evidence was filed with the information. The certificate of the clerk of the district court simply states that the record contains the evidence, proceedings, and verdict. We cannot say from this certificate that the record before us is complete.

II. It is next contended that the verdict of the jury should not be upheld, because the state elected to stand upon several of the counts of the information to which the plea in abatement had been sustained. It appears from the record that

there were two elections — the first at the close of the evidence upon the part of the state, when the state asked for a conviction on the 6th, 7th, 12th, 13th and 14th counts of the information, to which the plea in abatement had been overruled, and also nine other counts in the information, to which the plea in abatement had been sustained. Elsewhere in the record it appears that the state elected to stand upon the first 14 counts of the information. This election seems to have been made after the state and defendant had introduced their evidence. We think the state is bound by the first election, and the verdict can only stand as to the 6th, 7th, 12th, 13th and 14th counts, and as to all of the others it should be set aside.

III. Complaint is made that the instructions of the court are vague, indefinite, and that the court did not inform the jury what sales the state elected to ask a conviction upon. We think it would have been the better practice for the court to have stated to the jury each of the counts upon which the state relied for conviction in the instructions; but no request was made by the defendant for any such instructions. The rule is well established, that where the court properly instructs the jury but omits some instructions which might have been given, and no request was made for such instructions, no reversible error is committed. (*The State v. Pfefferle*, 36 Kas. 96; *The State v. Peterson*, 38 id. 204; *The State v. Estep*, 44 id. 572.)

IV. The last assignment which we shall notice is, that the witnesses for the state were placed under the rule and admonished not to state what their evidence would be, and to remain out of hearing of the witnesses on the stand, and that the rule was violated. The fact that a witness remained in court, in disobedience to an order to remain outside the court-room, is not a ground for rejecting his evidence. He may be punished for violating the order of the court. (*Davenport v. Ogg*, 15 Kas. 364; 2 Phil. Ev., [5th Am. ed.,] 744.)

It is recommended that the judgment of the trial court be modified by setting aside the verdict and judgment of conviction of guilty, except as to the 6th, 7th, 12th, 13th and 14th

counts in the information, and that the judgment be affirmed as to the counts named.

By the Court: It is so ordered.

All the Justices concurring.