### THE CITY OF HUTCHINSON V. PAT. HOLLAND.

CRIMINAL PROSECUTION — *Election of Counts — Instruction — Error.* On the trial of a prosecution for the unlawful sale of intoxicating liquor under a general charge, where the prosecution offers testimony to prove two distinct sales, and, at the close of the plaintiff's testimony, is required to elect on which sale it will rely, it is error for the court, after the conclusion of the defendant's testimony, to set aside the election, and instruct the jury that they have only to consider the evidence as to the other sale, on which plaintiff had not elected to rely.

*Appeal from Reno District Court.*

PAT. HOLLAND, convicted of selling intoxicating liquors unlawfully, appeals. The opinion states the material facts.

*Lewis & Fierce,* and *T. A. Decker,* for appellant.

*F. F. Prigg,* city attorney, for appellee.

The opinion of the court was delivered by

ALLEN, J.: The defendant was charged in two counts with unlawful sales of intoxicating liquor. On the trial in the police court, he was convicted on the first count, and acquitted on the second. He appealed to the district court, where the case was tried before a jury. The state proved two sales of beer, one of a bottle, to the witness Loudeback, which he testifies he and the witness Malotte drank on the premises at the time of purchase; and another bottle which Malotte bought, paid for, and took away with him. At the conclusion of the plaintiff's testimony, the court required the state to elect which sale it would rely on for conviction. Thereupon, the state elected to rely on the sale of beer drank on the premises. The defendant then introduced his testimony, and among other witnesses, called the police judge, who testified that the conviction before him was on the sale of the bottle, which was produced in his court, being the bottle bought by Malotte. After the conclusion of all the testimony, on application of the plaintiff, the court set aside the order re-

quiring the state to elect, on the ground that there was no necessity for an election, and then instructed the jury that the defendant was tried and acquitted before the police judge as to the second count, and upon the sale made to Loudeback of the beer which was drank on the premises, and that the only question was as the bottle of liquor sold to Malotte and taken away by him, thus submitting to the jury the sale which the plaintiff' had by its election abandoned, and withdrawing from their consideration the one on which it had elected to stand.   This was error.   (*The State v. Falk*, 46 Kas. 498.)

The instructions are subject to criticism, though we do not deem any special mention of them necessary; but see *The State v. May*, ante, p. 53.

The judgment is reversed, and a new trial awarded.

All the Justices concurring.