No. 31,409

THE STATE OF KANSAS, *Appellee*, v. ROBERT HALL, *Appellant*.

(26 P. 2d 265.)

Opinion filed November 11, 1933.

*O. A. Wilson*, of Jetmore, for the appellant.

*Roland Boynton*, attorney-general, *Everett E. Steerman*, assistant attorney-general, *Lester Luther*, county attorney, and *Charles O. Boyle*, of Cimarron, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: On December 19, 1932, Robert Hall was arrested upon a warrant issued by Harry Brice, a justice of the peace, charging Hall in two counts with possession and transportation of intoxicating liquors. His bond was fixed at $1,000, which was given by the defendant and approved by the court. After several continuances, and on March 30, 1933, the case came on for trial before the justice of the peace, defendant appearing in person and also with his attorney, Walter Bullock. The state produced its evidence, but the defendant produced no testimony, and upon the testimony the justice of the peace found that he was guilty on both counts, one for possession and the other for transportation of intoxicating liquors, as charged. The sentence was that he pay a fine of $100 on each count and be confined in the county jail thirty days on each count.

The defendant at once perfected an appeal to the district court, and accordingly the proceedings were certified to the district court by the justice of the peace as follows:

"The State of Kansas, Plaintiff, v. Bob (Robert) Hall, Defendant.—Filed this 4th day of April, 1933.—(Sgd.) W. D. LeVan.

State of Kansas, Gray County, ss.:

"I, the undersigned, a justice of the peace of Cimarron township, in said county, hereby certify that the within is a full, true, complete and perfect copy of the proceedings in the above action, had by and before me, at my office in said township, as the same appears of record in my docket 4, page 11.

"Witness my hand, at Cimarron, in said county, this 4th day of April, 1933.

(Sgd.) HARRY BRICE, *Justice of the Peace.*"

The original complaint and warrant were attached to and made a part of the transcript of the proceedings so certified.

The appeal was called for trial in the district court on April 5, 1933. Walter Bullock, his attorney, who represented him in the trial before the justice of the peace, was present, but the defendant did not appear. His attorney, however, announced that he was ready for trial. A jury was impaneled and then counsel for defendant stated to the court that he had called on the defendant that morning and advised him the case was coming up for trial on that day and asked him to attend. He also stated to the court that he did not believe the defendant would appear and then asked permission to withdraw from the case. The court declined to grant the request, and the attorney continued in court and participated in that trial of the case, which resulted in a conviction.

In the course of the trial upon appeal, counsel for the defendant, in order to facilitate the trial, admitted that containers of liquor presented in evidence by the state were those found in possession of defendant in his automobile, and further that the liquor therein was intoxicating. The jury found defendant guilty on both counts.

There was a motion for a new trial, in which defendant stated that he did not suppose the trial would occur until the November term, and that something said by the sheriff had led him to that notion. He admitted, however, that Bullock, who had arranged to try the case at the April term, was his attorney and had full authority to represent him and to handle his case. He also stated that his attorney had directed him to appear and had informed him that the trial was to be had at the April term and advised him to attend. After hearing the evidence on the motion for a new trial it was overruled.

In this appeal it is contended that the refusal of the court to allow counsel to withdraw from the case was an abuse of the discretion vested in the court. Defendant recognizes the rule that misdemeanor cases may be tried by counsel for the accused in his absence. It is a matter within the discretion of the court whether a trial shall proceed in the absence of a defendant in view of the circumstances presented. An accused may waive his right to be present where, having notice of the case to be tried, he voluntarily absents himself from the trial. (*State v. Sexton,* 91 Kan. 171, 136 Pac. 901, and cases cited. *State v. Johnson,* 82 Kan. 450, 108 Pac. 793.)

The defendant, as we have seen, had been fully informed by his counsel that the case was coming on for trial on the day it was actually tried, knew that his counsel would attend the trial and had full authority to represent him, and yet he purposely remained away from the trial. After the trial had been called and a jury impaneled, defendant not then having appeared, counsel requested that he be allowed to withdraw from the case. In view of the circumstances, it cannot be held that there was an abuse of discretion, but rather that the court exercised its discretion properly, by proceeding with the trial at that stage of the case. The postponement of the case at that time might have given rise to a question of former jeopardy if the withdrawal had been permitted.

It has been assigned as error that the defendant had been tried upon a complaint that was not properly certified. The case was

tried on the original complaint, but there was no individual certification written on that paper. As shown, the original complaint was attached to the transcript of the proceedings, and it, with the warrant and other papers, was attached and the whole certified to be a full, true and complete copy of the proceedings in the case. While the original complaint transmitted was a proceeding in the case, there was no individualization of the certificate and no statement that it was the complaint on which defendant was tried. The certification of the complaint has been held to be essential, and that a copy of it is not sufficient or safe. (*State v. Anderson,* 17 Kan. 89.) Later it was held that the court cannot compel a defendant, convicted of a misdemeanor from which an appeal has been taken, to go to trial over his objection upon a complaint found among the papers which "has not been certified nor authenticated in any manner." (*State v. Anderson,* 34 Kan. 116, 8 Pac. 275.) While the complaint had not been certified as the statute provides, it cannot be said that it was not authenticated in any manner. However, it does not appear that any objection was made to a defect in the certification of the complaint. No motion was made to quash it. No plea in abatement was filed, and no objection to the admission of evidence on that specific ground was interposed, nor does it appear that the question was raised on the motion for a new trial.

The objection made on this appeal comes too late. The complaint on which he was tried was verified. It stated a public offense; on it a trial was had before a justice of the peace in which defendant participated. He had full opportunity to learn what the charge was and, still more, that it was a genuine and valid complaint, and he allowed the case to be tried on it clear through to a judgment without objection that the certification was insufficient. On reason as well as authority the irregularity affords no ground for a reversal.

In *State v. English,* 34 Kan. 629, 9 Pac. 761, it was held:

"When a defendant appeals to the district court from a judgment of a justice of the peace in a criminal action, and there submits to trial without objection, upon a complaint which was not certified to by the justice of the peace, but which was sufficient in other respects and stated precisely the same offense for which he had been tried before the justice of the peace, he will be held to have waived the want of certification." (Syl. ¶ 2.)

See, also, *State v. Allison,* 44 Kan. 423, 24 Pac. 964; *City of Salina v. Laughlin,* 106 Kan. 275, 187 Pac. 676.

The evidence, although challenged, strongly sustains the verdict

and judgment. The sheriff testified that when he saw defendant's automobile on the street, something in its appearance made him suspicious of the character of the articles therein, and so he made an effort to investigate the contents of the automobile. Defendant started to drive away and although the sheriff, wearing the star or emblem of authority, demanded in the name of the law that the defendant halt, he drove on. The sheriff followed in his car and tried to head off the defendant and stop his car, but defendant was driving at high speed, and the effort of the sheriff was unavailing. The sheriff then dropped back and began shooting at the tires of defendant's automobile. There was a long dramatic race along the highway between the contestants. At one stage of the race defendant threw out on the highway cans of roofing nails which he subsequently admitted was done for the purpose of puncturing the tires of the sheriff's automobile, but the sheriff drove so close to the side of defendant's car that he avoided the intended effect. Finally one of plaintiff's shots punctured a tire of defendant's car, which caused it to run into a ditch, and thus the sheriff won the race. In the course of the race several gallon jugs were thrown out of defendant's car, but there still remained two jugs of liquor in the car when defendant was apprehended. These were produced in court, and counsel for defendant admitted that they were the containers carried by defendant, and that they were filled with intoxicating liquor. It appears that when defendant was caught he had a gallon jug of whisky in his hands, and that he threw it down at the sheriff's feet and broke the jug. After his arrest he offered the sheriff $50 to turn him loose. When this offer was refused he asked the sheriff if he would accept $100 for release. When that offer was refused defendant asked the sheriff if he would not consider a $500 Christmas present, and the reply of the sheriff was that he could not accept a gift under these conditions.

On the record of the proceedings, it is useless to contend over the sufficiency of the proof. The findings were abundantly sustained.

The judgment is affirmed.

HUTCHISON, J., not sitting.