## J. M. Stuttle v. R. Bowers.

Justice of the Peace, *No Power to Alter Record after Appeal.* An appeal from the judgment of a justice of the peace in a civil case is perfected by the filing and approval of the appeal bond, and. thereafter the justice has no power to alter the record of such judgment by entering that the same was rendered upon confession; and if he does so alter such record, and files in the district court a transcript of the altered record, the district court should on motion require him to send up a certified copy of the record as it stood at the filing of the appeal bond.

### Error from Lyon District Court.

ACTION before a justice of the peace by *Bowers* against *Stuttle* and wife, to recover for work. June 21, 1882, judgment for plaintiff for $17.50 and costs against the wife, *J. M. Stuttle*, who appealed to the district court. The plaintiff filed a motion to dismiss the appeal, on the ground that the judgment was rendered upon confession. This motion the court sustained at the November Term, 1882, and rendered judgment against defendant for costs. This ruling and judgment she brings here. Other facts appear in the opinion.

*L. B. & J. M. Kellogg,* for plaintiff in error.
*John Allen,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: On June 21, 1882, plaintiff obtained judgment against the defendant, before a justice of the peace, for $17.50. On July 1, defendant duly filed an appeal bond, which bond was approved by the justice. Thereafter a transcript was filed by the justice in the district court. Subsequently plaintiff filed a motion in the district court to dismiss the appeal, on the sole ground that the judgment was rendered upon confession. The record of the district court in respect to the hearing on this motion is as follows:

"Upon the hearing of the motion to dismiss the appeal herein, filed on September 5, 1882, the defendant Mrs. Stuttle, wife of Henry Stuttle, offers to prove by H. J. Williams, the justice of the peace by whom the judgment appealed from was rendered, and other competent witnesses, that the record of the case, as shown by the transcript from the justice's docket filed herein, is not the record of the case as it was at the time the appeal bond was filed with said justice and the appeal herein perfected, in this, to wit: The words 'The defendant confessed a judgment,' now contained in said transcript from the justice's docket, were no part of the record, and were not in the said docket of the justice of the peace at the time the appeal was taken in said case; but that said words were added to the record of said case, and written in said docket by said justice, two days after said appeal bond was filed and approved and the appeal perfected, but before the said justice filed the said transcript in the district court on July 11, 1882, and while the said docket was in the possession and custody and under the control of said justice of the peace, and by Mrs. Stuttle; that said defendant, Mrs. Stuttle, did not in fact confess judgment in the case; which said offer of proof was objected to by plaintiff as incompetent, irrelevant, and immaterial, and which said objection was by the court sustained and the evidence and offer of proof rejected; to which ruling of the court the defendant, Mrs. Stuttle, then and there excepted, and the court refused to receive any oral evidence in the case, and upon the inspection of the record alone decided the motion."

The defendant now brings the case to this court on error.

The single question is, whether the district court erred in

28—31 KAS.

accepting the transcript as filed as conclusive evidence of what was done in the justice's court. The counsel for defendant in error claims that it did not, and cites in support thereof, *Allen v. Corlew,* 10 Kas. 70; *Smith v. Burkhalter,* 14 id. 352; *In re Watson, Petitioner,* 30 Kas. 753; *Steinbarger's Adm'r v. Steinbarger,* 19 Ohio, 106; *Davis v. Messenger,* 17 Ohio St. 231; *Wood v. Newkirk,* 15 id. 295.

We think the district court erred. This is not a case in which the proceedings in the trial court were sought to be taken up for review on petition in error, as in the case from 15 Ohio St., *supra.* By the filing and approval of the appeal bond, the appeal was perfected. (Comp. Laws 1879, ch. 81, § 122.) Thereafter the justice had no power to make any further order, or to alter the record in the case. His duty was to make out a transcript of the record as it stood, and to transmit it to the district court. Now the offer which was made was not simply to show what was in fact done on the trial, or what entry in respect thereto the justice made while the case was within his jurisdiction, but it was to show that after the justice had lost jurisdiction by the perfecting of the appeal, he attempted to alter the record of the case. The appellant was entitled to have filed in the district court a transcript of the record as it stood at the time of perfecting his appeal.

The judgment of the district court will be reversed, and the case remanded with instructions that if upon the hearing of the motion it appears that the record of this case has been changed since the filing of the appeal bond, the motion to dismiss the appeal be overruled, and an order made upon the justice to send up a certified transcript of the record as it stood at the time of filing the appeal bond.

All the Justices concurring.