THE STATE OF KANSAS v. ANDREW ANDERSON.

CONVICTION; *Appeal; Uncertified Complaint; Error.* Where a defendant convicted of a misdemeanor before a justice of the peace appeals to the district court, the statute requires the justice to certify up the original complaint to the district court; and if the complaint is transmitted without such certification, the district court in its discretion may permit the defect to be remedied by amendment; but it is error to compel the defendant to go to trial against his objection upon a complaint found among the papers of the case in the district court, which has not been certified to nor authenticated in any manner.

*Appeal from Cloud District Court.*

PROSECUTION for bribing, inducing and deterring a witness from appearing and giving her testimony in a certain criminal proceeding. Trial at the April Term, 1885, when the defendant, *Anderson,* was found guilty, and sentenced to be imprisoned in the county jail of Cloud county for the term of four months, beginning May 27, 1885, and to pay a fine of $200 to *The State,* and the costs of the prosecution. Defendant appeals. The opinion states the case.

*L. J. Crans,* for appellant.

The opinion of the court was delivered by

JOHNSTON, J.: The appellant was prosecuted before a justice of the peace of Cloud county, and convicted of the offense of bribing, inducing and deterring a witness from appearing and giving her testimony in a certain criminal proceeding then pending in that county. In due time the defendant appealed to the district court and entered into a recognizance that was approved by the justice, conditioned for his appearance at the next term of the district court to answer to the complaint made against him. He appeared at the district court in accordance with the condition of his recognizance, and when the case was called for trial, he moved the court for his discharge because there was no legal complaint or other accusation filed against him. He also moved to strike from the files of the court certain papers therein purporting to be a complaint, warrant, and recognizance, because there was no certification thereof as the statute prescribes. The testimony upon this motion showed that the complaint, warrant, and recognizance, brought up on the appeal, had not been certified to by the justice of the peace. These motions were overruled, and against the objection of the appellant the trial was proceeded with to a conviction upon the uncertified complaint. For this action the appellant asks a reversal here.

In the statute authorizing an appeal from the judgment of a justice of the peace in a criminal case, it is specifically provided that the justice from whose judgment the appeal is taken shall make a return of the proceedings had before him, and shall certify the complaint to the district court on or before the first day of the next term thereof. It is further provided that the cause shall be tried in the district court upon the original complaint unless it shall be found insufficient and defective, in which event the court shall order a new complaint to be filed. These provisions are essential requirements, and furnish the only authority for a charge or complaint upon which a defendant may be tried in a criminal case appealed from a justice of the peace. They were obviously intended

for the benefit of the defendant, that there might be precision and certainty in the accusation made against him. It has been held that a disregard of these requirements constitutes reversible error. (*The State v. Anderson*, 17 Kas. 89.) The case cited was an appeal from a justice of the peace, where the defendant was tried, against his objection, upon a certified copy of the complaint. The court there held that a party could not be put upon trial upon a certified copy, stating that—

*Conviction; appeal; uncertified complaint; error.*

"It would be a dangerous precedent; for while a copy may be accurate, there is always more or less of doubt thereof. And in criminal cases especially, as far as possible, all doubts should be eliminated, and it should be certain that the party is tried upon exactly the charge preferred against him."

If the defendant cannot be tried upon a certified copy, much less should he be put on trial upon a complaint not shown to be either the original or a copy. In this case there was not even what purported to be a copy of the original complaint, but the appellant was compelled to go to trial upon a complaint found among the papers of the case which was not certified to or authenticated in any manner. Doubtless the infirmity of the complaint might have been remedied. When the objection was first raised, the prosecution might have asked, and the court in its discretion would undoubtedly have granted, leave to amend the complaint by causing it to be identified and certified to as prescribed by the statute. No effort was made to cure the complaint, and within the authority of the decision in *The State v. Anderson*, supra, we must hold the rulings of the court to be erroneous. (See also *The State v. Goodwin*, 33 Kas. 538.)

In view of the conclusion that has been reached, the other questions raised by appellant need not be decided.

The judgment of the district court will be reversed.

All the Justices concurring.