## THE STATE OF KANSAS v. BULL GEARY.

### No. 10782.

1. PRELIMINARY EXAMINATION — *transcript of, filed in district court may be amended at trial.* After a justice of the peace has certified to the district court the record of a preliminary examination of an accused person held by him for trial upon a charge of crime, he may, upon such trial, by leave of the court, complete such record, in any respect in which it is deficient, by additional entries therein not inconsistent with the record as previously made and certified.

2. JURY — *may, in counties of over thirty thousand inhabitants as elsewhere, be completed by summoning bystanders.* Under the statute relating to the selection, summoning and service of jurors in counties having over thirty thousand inhabitants (ch. 166, Laws 1887), the court may, as in like cases in other counties, complete a jury panel from among the bystanders, when there shall not be enough regular jurors present for service.

Appeal from Wyandotte District Court. Hon. W. G. Holt, Judge. Opinion filed July 10, 1897. *Affirmed.*

*L. C. Boyle*, Attorney General, *Sam'l Miller*, County Attorney, and *I. F. Bradley*, for the State.

*F. E. & J. A. Smith*, for appellant.

DOSTER, C. J. The defendant was charged by information with the crime of robbery. Upon the trial in the court below he filed a plea in abatement alleging that he had not been accorded a preliminary

hearing. In support of his plea, he introduced in evidence the transcript of the justice of the peace before whom he had been brought and who had certified his case to the trial court. This transcript showed that, on October 13, 1896, a complaint was filed charging defendant with the crime of assault with intent to commit robbery, and not with robbery itself; that a warrant of arrest, reciting the offense charged in the complaint, was issued on the same day and executed on the day following; and that, by order of the justice, the case was set for hearing for the nineteenth day of the month. The transcript further showed that, on the day of the hearing, an amended complaint was filed, and a new warrant of arrest issued upon such amended complaint. What the allegations of this amended complaint were, does not appear; neither does the transcript show what recitals of the commission of crime were made in the new or alias warrant. Upon the hearing of the case, the justice found and adjudged as follows : " That a crime has been committed, and that there is reasonable ground to believe the defendant committed the crime charged in the warrant herein filed. It is therefore considered that said defendant be held to answer for such crime," etc.

In addition to the transcript and warrant spoken of, the defendant also offered in evidence, in support of his plea, a paper marked " amended warrant," dated October 19, 1896, reciting the commission of robbery by him, together with an officer's return showing the defendant's arrest and the bringing him before the magistrate on the same day for trial. This amended warrant did not show, when offered in evidence, that it had been filed by the justice of the peace; but the justice, being present in the court-room, was allowed by the court to indorse on the back of such warrant a

filing as of October 19, 1896, and was allowed to amend his transcript so as to show an execution, return, and filing of the same on such day. The justice of the peace, being called as a witness, identified the paper marked "amended warrant" as the order for defendant's arrest issued by and returned to him on the nineteenth day of October, 1896, and explained that he had carelessly omitted to file it, and to note it on his docket. Thereupon the plea in abatement was overruled; to which ruling the defendant saved exceptions.

It was within the power of the justice of the peace, after the case had been certified by him to the trial court, to complete his transcript, and otherwise to perform the clerical duties he should have performed upon the preliminary

1. Justice may amend transcript.

hearing. This case is unlike that of *Stuttle v. Bowers* (31 Kan. 432). In that case, it was held that, after an appeal of a civil action had been taken by the filing and approval of an appeal bond, a justice of the peace had no power to alter his record so as to show a judgment by confession instead of by default or upon trial, as it had at first shown. In this case, nothing of that kind was done. The justice of the peace had certified an incomplete transcript, and had failed to perform the ministerial duty of placing his file marks upon all the papers. He changed nothing; he simply completed the performance of his duty. Under section 64 of the Code of Criminal Procedure, the court may order defaulting magistrates to certify and return the record of preliminary examinations of accused persons held by them for trial, and, in case of disobedience, may punish such magistrates as for contempt. The requirement to certify such cases to the trial court implies, of course, the obligation to fully and truly certify them ; and the obligation to fully and truly certify, implies the power to correct mistakes and supply omissions.

A justice of the peace may not amend his transcript so as to make it speak something entirely different from what it had spoken before, or show an additional fact, upon the non-existence of which the defendant has been led to waive some legal right or otherwise put himself in a false position; but such justice may perform the clerical work of completing his transcript, so as to make it speak the truth, as late as any occasion for so doing may justify. There are no limitations of time stated or implied in the Criminal Code which make the duty of certifying and returning transcripts of preliminary examinations of accused persons within a given time jurisdictional.

In the trial of the cause, the regular panel of jurymen drawn and summoned for the term at which the trial occurred was exhausted before a jury was obtained. The court ordered a bystander into the jury box, and he, over the objection of defendant, was allowed to serve. This objection to the juror was to him in his character as talesman alone. Wyandotte County has a population exceeding thirty thousand, and counties of such class are governed, in respect to the drawing and service of jurors, by chapter 166, Laws of 1887 (Gen. Stat. 1889, ¶ ¶ 3598 to 3609). The only substantial difference between this statute and the one applying to other counties of the State is, that in the more populous counties the list of jurors for service during the ensuing year is selected by a board of jury commissioners appointed by the Governor, instead of by trustees of townships and mayors of cities, as in other counties. When the list has been made by the commissioners and certified by the county clerk, the necessary jurors are drawn and summoned by the clerk in the presence of the sheriff and two justices of the peace, as in other counties. Section 7 of the Laws of 1887 (Gen. Stat. 1889,

¶ 3604) reads as follows : "That from the lists so made and certified by the said jury commissioners, all grand and petit jurors of the county shall be drawn and summoned as now provided by law." The appellant in his construction of this section emphasizes the words "all jurors shall be drawn," etc., and insists that, unless a juror is selected, drawn and summoned in accordance with this statute, he cannot legally serve if objection is made. He would construe the statute as though it read, "No one shall serve as a juror unless he shall first be selected, drawn and summoned," etc. He would make the method of selection the determining factor in the juror's qualifications. The statute, however, is not to be so construed. It should be construed, with reference to this question, as though it read : "No juror shall be drawn and summoned, except from the list selected by the commissioners." The occurrence of a juror's name on the list is made prerequisite to the act of formally drawing and summoning him for jury service, but it is not a test of his qualifications to serve. Section 26 of chapter 54 of the General Statutes of 1889 (¶ 3588), declares :

2. Jury completed from bystanders in counties over 30,000.

"When there shall not be jurors enough present to form a panel in any cause, the court may direct the sheriff or other officer to summon a sufficient number of persons having the qualifications of jurors to complete such panel from the bystanders or from among the neighboring citizens, and the officer shall summon the number so ordered : *Provided*, That in case either party to such cause, by himself or his attorney, shall so request it, it shall be the duty of the judge of such court to select such jurors and cause a venire to issue for the same, naming the jurors so selected therein as hereinbefore provided."

In the case of *Trembly v. The State* (20 Kan. 116), the question raised by appellant as to the competency

of a juror under this section was determined adversely to his contention.

The claims of error above noticed are the only ones made in the case. They are not valid, and the sentence of the court below will therefore be affirmed.