THE STATE OF KANSAS v. FRITZ DUREIN.

No. 13,105. (70 Pac. 601.)

SYLLABUS BY THE COURT:

1. CRIMINAL PROCEDURE — *Appeal in Misdemeanor Case.* The defendant, in a misdemeanor case appealed from a justice of the peace, cannot be arraigned and required to plead, nor can the jury be impaneled and sworn and the trial commenced, until the complaint sent up by the justice has been certified by him; and a certification made after the trial has begun and over the defendant's

objection will not have relation back as of the time it should have been made.

2. ———— *Certificate to Complaint by Justice.* A justice of the peace, whose duty is to certify and send to the district court, upon appeal, the complaint on which a defendant has been tried and convicted before him, cannot make such certification outside the township within and for which he holds his office.

3. ———— *Case Followed.* The case of *The State v. Medley,* 54 Kan. 627, 39 Pac. 227, followed.

Appeal from Shawnee district court; Z. T. HAZEN, judge.   Opinion filed November 8, 1902.   Reversed.

*A. A. Godard,* attorney-general, *J. S. West,* and *A. L. Redden,* for The State.

*G. C. Clemens,* and *Otis E. Hungate,* for appellant.

The opinion of the court was delivered by

DOSTER, C. J. : This is an appeal from a conviction of the offense of violating the prohibitory liquor law.   The appellant was first found guilty before a justice of the peace, from whose judgment he appealed to the district court.   The justice failed to certify the complaint before sending up the appeal papers.   The appellant objected to being put on his trial for that reason.   The state asked for permission to the justice to certify the complaint.   Permission was granted, but before the certification was made, and probably in contemplation of its being made, the appellant's objection to going to trial was overruled. He was thereupon arraigned and required to plead, but he stood mute, and a plea of not guilty was entered for him.   The jury were then impaneled and sworn and a witness for the state called and sworn and his examination commenced.   To all these proceedings the appellant objected, because there did not appear to be any complaint on which trial could be

had. The court thereupon, at the state's request, again gave permission to the justice, who was present, to certify the complaint. The certification was then made and the trial proceeded with, over the appellant's renewed objection. This was error. In *The State v. Anderson*, 34 Kan. 116, 8 Pac. 275, it was ruled:

"Where a defendant convicted of a misdemeanor before a justice of the peace appeals to the district court, the statute requires the justice to certify up the original complaint to the district court; and if the complaint is transmitted without such certification, the district court in its discretion may permit the defect to be remedied by amendment; but it is error to compel the defendant to go to trial against his objection upon a complaint found among the papers of the case in the district court which has not been certified to nor authenticated in any manner."

The trial of a criminal case begins at least as early as the swearing of the jury. That, with all the proceedings held after that, is trial, and we may not say, in view of the statute and the above decision construing it, that the requirement to certify the complaint before trial is complied with by giving permission before trial to certify it, but not requiring its actual certification until after the trial has been commenced. Until a certified complaint exists, there is not, in legal contemplation, any complaint at all, and certain it is that no part of the trial of a criminal case can be had until there is a written charge against the defendant to which he can be called on to respond. In criminal practice there is no rule, statutory or otherwise, which will give the filing or certification during the trial of a complaint, which contains the whole charge against the defendant, relation back as of the time it should have been filed or certified. The case

of *The State v. Geary*, 58 Kan. 502, 49 Pac. 596, in which the making of an amendment during the trial was upheld, was of a different character from this one.

The justice of the peace before whom the first trial was had was of a different township than the one in which the district court was held, and in which the certification of the complaint was made.   He had no right to make such certification outside his township. He did not carry his office with him into the township where he performed the official act, and, therefore, was not clothed with any official authority there.

"We would think that the entire proceedings of the justice of the peace are void, for the reason that all his acts were performed while he was outside of his own township, outside of the township in which he held or had a right to hold his office (*Phillips v. Thralls*, 26 Kan. 780), and we think the proceedings of the justice are void, whether they are judicial in their character, *quasi*-judicial, or merely ministerial." (*Wilcox v. Johnson*, 34 Kan. 655, 659, 9 Pac. 610.)

"It follows from the foregoing decisions, and the sections of the constitution and statutes cited, that justices of the peace must perform all their official acts within their own townships, and that whenever they wander beyond the boundaries of their own townships and into the jurisdiction of justices of the peace of other townships they cease to be justices of the peace, and any attempted official acts there performed are mere nullities." (*A. T. & S. F. Rld. Co. v. Rice*, 36 Kan. 593, 597, 14 Pac. 229.)

In *Morrell v. Ingle*, 23 Kan. 32, it was said that, "in the absence of express provisions to the contrary, the powers of an officer are limited to the territory of which he is an officer."

Now, the certification of a complaint for transmission to another court for action thereon by that court is an official act, made requisite as such for the legal

identification of the paper. Whether the doing of it should be called ministerial or judicial is immaterial. It is an official act, to be performed only within the territorial limits allowed for the exercise of the duties of the office. A justice of the peace may send his process outside his township and within his county, and may perform some official acts outside his township, but these are so by virtue of express statute. It requires a statute to give him jurisdiction outside the place appointed for the holding of his office.

Much complaint is made of an instruction. Under the decision in *The State v. Medley*, 54 Kan. 627, 39 Pac. 227, this complaint is not well founded. Other errors also are alleged, but none of them is well taken.

The judgment of the court below is reversed for proceedings consonant with this opinion.

All the Justices concurring.