The State v. Plomondon.

THE STATE OF KANSAS V. ED. PLOMONDON.

No. 15,331   (90 Pac. 254.)

1. CRIMINAL PROCEDURE—*Correction of Justice's Transcript after Filing in District Court.* Where a justice of the peace in making his transcript failed to attach his certificate to the complaint and warrant it was said the district court did not err by postponing the trial to enable the justice properly to certify the papers.

2. ———— *Verification of Complaint.* It was said that a complaint was not defective because it was sworn to by three persons instead of one.

Appeal from Rooks district court; CHARLES W. SMITH, judge. Opinion filed May 11, 1907. Affirmed.

*Fred S. Jackson,* attorney-general, and *John S. Dawson,* assistant attorney-general, for The State.

*C. L. Kagey,* and *R. M. Anderson,* for appellant.

*Per Curiam:* This is an appeal from a conviction in the district court upon the charge of maintaining a nuisance in violation of the prohibitory liquor law. The proceedings were commenced before a justice of the peace, where defendant was convicted, and he appealed to the district court.

In sending up the transcript the justice failed to attach his certificate to the original complaint and warrant, and a motion was made by defendant to strike these papers from the files. The trial court denied the motion, and adjourned the cause from September 6 to September 10 to enable the justice properly to certify the papers. When this was done the trial proceeded. There was no error in these rulings. It has been held error to proceed to try a defendant in a criminal action where the original complaint and warrant are not properly certified by the justice. (*The State v. Anderson,* 34 Kan. 116, 8 Pac. 275; *The State v. Durein,* 65 Kan. 700, 70 Pac. 601.) But here, before the trial com-

menced, the court postponed the proceedings in order that the justice before whom the first trial was had could attach his certificate and thus complete his transcript. This is the proper practice. (*The State v. Geary,* 58 Kan. 502, 49 Pac. 596.)

The original complaint was sworn to by three persons. It is urged that appellant could not be tried lawfully upon a warrant issued upon a complaint thus verified; that the fact that three persons subscribed to it warrants the inference that its verification required the combined knowledge of all of them, and that neither possessed sufficient knowledge or information to authorize him alone to verify it. There is no merit in the contention. The affidavit is the affidavit of each of the three persons who subscribed to it. It would have been sufficient with the signature and oath of either one, and was no stronger nor any less efficient because the others joined in making it.

We find no error in the admission of testimony or the remarks of the court in ruling thereon. It was proper to permit appellant to be asked on cross-examination whether he had not been previously charged with, and pleaded guilty to, a violation of the prohibitory law. The court protected appellant's rights by instructing the jury in reference to the effect of such testimony. Complaint is made of certain instructions which are not set out in the brief in compliance with rule 10 and need not be considered.

The judgment is affirmed.