No. 22,424.

THE CITY OF SALINA, *Appellee*, V. A. W. LAUGHLIN, *Appellant.*

No. 22,450.

THE STATE OF KANSAS, ex rel. EDD MATHEWS, as Mayor of the City of Salina, etc., *Appellee*, v. A. W. LAUGHLIN, *Appellant.*

### SYLLABUS BY THE COURT.

1. LIQUOR LAW — *Appeal from Police Court — Defective Transcript — Waiver by Defendant.* In the first of these cases, which was an appeal from a police court to the district court, an objection by the defendant to the introduction of evidence, upon grounds that related solely to alleged defects in the transcript, is held insufficient to raise the contention that the complaint had not been certified up by the police judge; and upon the facts stated in the opinion it is held that the defendant waived the want of certification.

2. SAME—*Insufficient Evidence to Show a Nuisance.* In the second case, which was brought by the state to enjoin the maintaining of a nuisance under the prohibitory law, it is held that the evidence was insufficient to sustain a judgment against the defendant.

Appeals from Saline district court; DALLAS GROVER, judge. Opinion filed February 7, 1920. Case No. 22,424, affirmed. Case No. 22,450, reversed.

*Frank T. Knittle,* and *Ralph Knittle,* both of Salina, for the appellant.

*G. A. Spencer, A. R. Buzick, jr.,* and *Thomas Mulloy,* all of Salina, for the appellees.

The opinion of the court was delivered by

PORTER, J.: These appeals raise different questions of law, but involve the same facts and were submitted together.

The appellant kept a restaurant at Salina. On the night of November 11, 1918, after the day's business was ended, the appellant and three friends retired to a rear room of the restaurant, turned out the lights, seated themselves about a table and remained until about midnight, when police officers demanded admission to the room. On this being refused, the officers broke down the door and entered. One of ap-

pellant's friends who attempted to escape was arrested, and a bottle of whisky was found in his possession. There was an odor of whisky in the room; there were four glasses on the table, and an empty whisky bottle near by. The appellant claimed that he and his friends were merely discussing a business proposition, but the circumstances disclosed by the evidence showed that they had been celebrating the news of the Armistice. In the police court the appellant was convicted on the charge of having liquor in his possession; he appealed to the district court where there was a judgment finding him guilty, and he was sentenced to pay a fine of $200 and to serve 30 days in the county jail.

The main point upon which appellant relies for reversal of that judgment is, that the complaint upon which he was tried in the district court was not certified up by the judge of the police court. In *The State v. Anderson,* 34 Kan. 116, 8 Pac. 275, it was held error to compel defendant to go to trial against his objection upon a complaint found among the papers of the case in the district court, which had not been certified to nor authenticated in any manner.

In *The State v. English,* 34 Kan. 629, 9 Pac. 761, it was held that where the defendant submits to trial without objection upon a complaint not certified to by the justice of the peace, but which was sufficient in other respects, he will be held to have waived the want of certification. We think the appellant waived it in this case. His objection to the introduction of evidence related solely to alleged defects in the transcript, which were that the transcript was not "full and complete"; that it did not "contain all the matter which would warrant a conviction"; that it did not "contain a copy of the complaint, if one was issued"; and that it failed to state whether a complaint in writing had been filed. Had the attention of the court been challenged to the matter now complained of it would have been the duty of the court to postpone the proceedings and order the complaint and warrant properly certified. (*The State v. Plomondon,* 75 Kan. 853, 90 Pac. 254.) There was no merit in the objections to the transcript itself. It was not necessary that the transcript set out a copy of the complaint. On the motion for a new trial it was disclosed for the first time that the complaint had not been

City of Salina v. Laughlin.

properly certified and that it had not been filed in the district court. It was then too late for the appellant to take advantage of the defects, because he had waived the matter by proceeding to trial without objection upon these specific grounds. There is another objection to the transcript because it failed to set out the names of the witnesses. But there is nothing to indicate that appellant suffered any prejudice by the omission of the names of the witnesses, and, besides, the trial court's attention was not challenged to this matter.

On November 14, 1918, the state, on the relation of the mayor of the city of Salina, brought an injunction suit in the district court against the appellant and charged him with maintaining a nuisance under the prohibitory law. There was a judgment finding the appellant guilty of maintaining a nuisance as charged, and a perpetual injunction was granted. The costs were taxed against appellant, including an attorney's fee of $100. The only evidence upon the issue as to whether the appellant was maintaining a nuisance at the place in question consisted of the same facts disclosed in the trial of the other case. The appellant contends that the state failed to establish the maintenance of a nuisance by a mere proof of what occurred in the back room of his restaurant on the night of November 11, 1918, and we think in this contention he is right. As the record stands, the evidence merely showed an isolated instance of a violation of the law. In the absence of testimony of other instances occurring before or after that occasion, there was nothing to justify the judgment. As long ago as 1546 John Heywood published the earliest collection of English colloquial sayings. Among those that he termed "effectuall proverbes in the English tounge" is one which reads, "One swallow maketh not a summer."

The conclusions we have reached are, that in the case appealed from the police court the judgment should be affirmed, and that the judgment in the injunction case should be reversed and the cause remanded with directions to enter judgment in favor of the appellant.

It is so ordered.