No. 25,963.

THE STATE OF KANSAS, *Appellee*, v. CARL H. MINER, *Appellant*.

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Preliminary Transcript—Offenses Not Shown—Amendment.* Where a defendant is arrested on a charge of statutory rape, and the evidence adduced at the preliminary examination tends to show that he not only committed the offense charged, but also two other similar offenses against the same prosecutrix, the defendant may be informed on and prosecuted on all three such offenses, notwithstanding the transcript of the justice merely recited a finding that the crime of statutory rape had been committed and that there was reasonable cause to believe the defendant guilty of such offense; and it is held that no prejudicial irregularity transpired in the trial court in calling the examining magistrate as a witness to testify that some testimony had been presented at the preliminary examination tending to show that defendant had committed a number of such offenses on the same female, and that he recalled some evidence tending to show three such offenses; nor was it error to permit the justice to amend his transcript to recite a finding that such three separate and distinct offenses of statutory rape had been committed and that the defendant was probably guilty thereof.

Criminal Law, 16 C. J. pp. 345 n. 6, 414 n. 23, 1370 n. 37; 7 L. R. A. n. s. 124; 8 R. C. L. 240. Indictments and Informations, 31 C. J. p. 630 n. 50, 54.

2. SAME—*Successive Offenses—Sentence to Run Consecutively.* Following a prosecution and conviction for three such independent offenses, under the circumstances set forth in syllabus 1, a judgment imposing three separate sentences, to run consecutively, was not erroneous, and no prejudicial error was committed in overruling defendant's motion to quash the information nor in overruling his plea in abatement.

Appeal from Brown district court; C. W. RYAN, judge. Opinion filed February 6, 1926. Affirmed.

*T. A. Moxcey,* of Atchison, and *S. F. Newlon,* of Hiawatha, for the appellant.

*Charles B. Griffith,* attorney-general, *C. A. Burnett,* assistant attorney-general, and *Caleb F. Bowron,* county attorney, for the appellee; *W. F. Means,* of Hiawatha, of counsel.

The opinion of the court was delivered by

DAWSON, J.: The defendant was convicted on three counts of the felony of statutory rape, and three separate sentences therefor were imposed on him, which are to run consecutively.

The errors assigned in defendant's behalf center about the questioned sufficiency of his preliminary examination to justify his being subjected to prosecution on more than one count.

The facts were these: Defendant was arrested on a charge of having committed the statutory offense on the ——— day of ———, 1923. At the preliminary hearing, evidence was introduced tending to show that defendant had committed this crime in July, 1923, culminating in the birth of a child in April, 1924. There was also some testimony of a similar crime against the same female in 1922, and again in October, 1923. The justice bound him over to the district court, the transcript reading:

"Having heard the evidence and being fully advised in the premises, the court finds that the crime of statutory rape has been committed on Octia Coppeck, and that there is reasonable cause to believe that the defendant, Carl H. Miner, is guilty of such offense. It is therefore considered and ordered that the said Carl H. Miner be bound over to the district court of Brown county, Kansas, for trial."

An information in three counts was filed against defendant, pursuant to the facts developed at the preliminary examination. Defendant filed a plea in abatement based on the alleged want of a preliminary examination "as to the matters charged." The plea was supported by affidavit, and the complaint and warrant charging one offense and the transcript of the justice were offered in evidence.

To resist the plea, the state called the justice as a witness, and he testified that the evidence tended to show that defendant had committed the offense on the girl a number of times:

"Q. What was the testimony as to how numerous the offenses had been? A. It was testified to that there were quite a number of times, but the exact number I have no recollection of. The one that showed the probable cause, and the one I bound the defendant over on, was practically the only one I paid any attention to.

"Q. When was that? A. July or August of last year (1923) as I remember; I made no record of it. I just listened to the testimony.

"Q. Were there other offenses sworn to in the testimony? Can you remember the dates?

"Objected to as incompetent, irrelevant and immaterial, and an attempt to impeach the transcript and court record.

"THE COURT: Overruled.

"A. There was. Plaintiff testified to the occurrence of one in October. The word October was used, but with the same idea in mind I didn't remember whether it was October of '23 or any other October. The spring of '22 was also referred to.

"Q. There were several offenses testified to—no matter— A. As I recall, the spring of '22 was mentioned, but I wouldn't swear positively to that being a fact.

"Q. Then you do recall of the spring of '22 and July or August, '23, and some October being spoken of? A. Yes, sir. . . .

*"Cross-examination: . . '.*

"Q. You said, Mr. Hildebrand, that the one upon which you found there was probable cause, and on which you bound the defendant over was the one in July or August, '23. Is that right? A. I just have in mind July or August, than any other part of plaintiff's testimony. I didn't bind the defendant over on any particular one. I bound him over because there was probably cause to show that this was done, as the transcript said, but not on any specific one.

"Q. What I am getting at, did you bind him over on three offenses or one offense, as shown by all the testimony? A. I hardly know how to answer that question. There was only one offense in the complaint. . . .

"BY COURT: Was there any evidence offered on the part of the prosecuting witness in particular as to three separate and distinct times? A. As I believed the testimony and was told, the prosecuting witness testified it occurred frequently. . . .

"THE COURT: And when you bound him over was you binding him over as to any one particular charge or just binding him over generally on the view that there was probable cause that he had been guilty of statutory rape, without selecting any particular one? A. The probable cause was all I bound him over on, because there was no specific offense specified, and I thought the defendant guilty.

*"Cross-examination resumed: . . .*

"Q. Was your attention at that time drawn to the fact that an examining magistrate had authority to bind a man over not only for the offense with

which he was charged, but any other offense that the evidence might show he was guilty, and were you asked to exercise that right and bind him over for three separate and distinct offenses? A. No.

"Q. Did you bind him over on three offenses or one, with the right of the state to select which one offense he was bound over on? You didn't bind him over on all three any more than you might have bond him over on ten if ten charges were made? A. No. . . .

"Q. And what you meant to do was to bind him over for the offense with which he had been charged; is that right? A. Yes, sir. . . .

"THE COURT: The justice will be permitted to amend the transcript to conform to the facts and show that the defendant was bound over on all three distinct charges that he has been charged with."

Pursuant to this ruling, the justice amended his transcript by interlineation, so as to recite a finding that the crime of statutory rape had been committed on the prosecutrix—

"On the ———— day of ————, 1922, also on the ———— day of July, 1923, and also on the ———— day of October, 1923, and that there was reasonable cause to believe the defendant guilty," etc.

Defendant also filed a motion to quash the first count of the information invoking in principle, but not specifically, the statute of limitations. Before this motion was ruled on, the state obtained leave to amend the information instanter by inserting the word "May" in the first count so as to name the month in which the first offense was committed. The information was then reverified. Thereupon the plea in abatement and motion to quash were overruled.

Then followed a trial, conviction, denial of a new trial, consecutive sentences on three counts, and this appeal.

Defendant contends that he should not have been put on his trial on the first and third counts, since he was not bound over to answer on the charges involved therein and was bound over only to answer on but one offense—the one the county attorney and the prosecutrix had in mind when the complaint was filed and the warrant for his arrest was issued.

A majority of this court hold that defendant's contention lacks merit. A defendant may be informed against on as many crimes as the evidence adduced at the preliminary hearing tends to show the accused to have committed, whether all of such crimes were charged in the complaint and reiterated in the warrant for his arrest or not. (Crim. Code, § 55, R. S. 62-621; *Redmond v. The State*, 12 Kan. 172, Syl. § 3; *State v. Bailey*, 32 Kan. 83, 3 Pac. 769; and see, also, *State v. Fleeman*, 102 Kan. 670, 675-676, 171 Pac. 618.)

It has also been settled in this jurisdiction that the justice of the peace may amend and complete his transcript to show that, based upon the testimony adduced at the preliminary examination, he intended to bind defendant over on a number of offenses, not merely on one charged in the original complaint and warrant under which the prosecution was instituted. (*State v. Handrub,* 113 Kan. 12, syl. ¶ 2, 213 Pac. 827; *State v. Cano,* 64 Utah, 87, 98, 228 Pac. 563.)

The court holds that no substantial error prejudicial to the rights of the defendant transpired in the incidents narrated above, and the judgment is affirmed.

DAWSON, J. (dissenting in part): The judgment on the first and third counts should be set aside, and the judgment on the second count—identical with the charge on which alone defendant was arrested, given a preliminary examination, and bound over—should be affirmed.

The Handrub case relied on to justify the curious maneuvers attendant on this trial is not in point. In the Handrub case the justice was permitted to amend his transcript "to make it speak the truth." There is no pretense here that the transcript did not speak the truth. And since it contained neither defect, ambiguity nor mistake, I doubt whether the testimony of the justice was competent, but if it was it shows that, as originally prepared, the transcript did speak the truth, and the amendment made by the justice, virtually under constraint, made the recitals of the transcript less accurate— less true—than before it was tampered with to furnish a colorable basis to defeat the plea in abatement. (See, also, *State v. Durein,* 65 Kan. 700, syl. ¶ 2, 70 Pac. 601.)

The law on this subject is so simple that there is no excuse for courts or prosecuting attorneys to stumble over it. In fine, it is this: Although a defendant is arrested on the charge of having committed but one offense, the justice may bind him over to answer for as many crimes as the evidence adduced at the preliminary examination shows the accused to be probably guilty of. (*State v. Fields,* 70 Kan. 391, and citations, 78 Pac. 833.) But that matter is left to the unconstrained discretion of the justice. It is not left to the discretion of the prosecuting attorney. The justice does the binding over, not the county attorney, nor yet the district judge— unless the latter for the time being is serving as an examining magistrate under the statute. (R. S. 62-601, 62-201; and see *Hancock v. Nye,* 118 Kan. 384, 388, 234 Pac. 945.)

In serving as an examining magistrate, a justice of the peace performs substantially the same function as a. grand jury, and it would certainly compel a smile if it were suggested that a *nisi prius* court might solemnly *grant permission* to a grand jury to amend its indictment charging one felony so as to make it charge three distinct and independent felonies.

In *State v. Spaulding*, 24 Kan. 1, one of our early cases still frequently cited and quoted, the defendant was bound over to answer for the offense of embezzlement. The information filed against him included seven counts, but one was nollied, and his special plea that he had been given no preliminary examination on any charge except the one stated in the first count was overruled and this ruling was assigned as error. This court said:

"In reference to these counts, it will be noticed that they charge the embezzlement of the same money, at the same time and as the property of the same party. . . . It is the same act—the same wrong—which is complained of in each count. . . .

"Now, in these cases, it is not necessary that a separate preliminary examination be had for each count. . . . Now, *if six separate offenses are charged in these six counts, the objection was well taken;* but, if only one offense, then, though that offense may be charged in different forms in different counts, it was not well taken. . . . In such case, the warrant seems to be the basis of the proceeding before the examining magistrate, and the fullness of statement required in a criminal pleading is seldom found, and not to be expected, in a warrant. It will be remembered that these preliminary proceedings are generally had before justices of the peace—officers not learned in the law—and if the same fullness and precision, the same precautions against all the contingencies of the testimony, were required there as in the information or indictment, justice would be often delayed and defeated. All that can be required is that there shall be a single statement, containing the substantial facts of the offense charged, and then the prosecutor, in preparing the information, may use many counts, varying in them the formal and nonessential matters of the crime. He [the county attorney] may not add a new offense. To larceny he may not add robbery; nor to murder, arson. Neither may he add to the larceny of one piece of property, the larceny of another. He may not substitute one offense for another." (pp. 3, 4.)

And so here, the county attorney might have charged the defendant with the offense for the commission of which he was arrested and bound over in as many different counts—in as many different ways—as the exigencies of the case and the possibilities of the proof might seem to justify, but as was said by Justice Brewer in the Spaulding case and by Justice Burch in the Fields case, the prosecuting attorney may not incorporate in the information "a new of-

State v. Miner.

fense," "a separate and independent offense" not covered by a fair interpretation of the recitals of the justice's transcript.

In *State v. Goetz*, 65 Kan. 125, 69 Pac. 187, where the defendant was haled before an examining magistrate on a charge of assault with intent to kill, but the magistrate bound him over only to answer for another offense disclosed in the course of the preliminary examination, that of assault and battery, the county attorney disregarded the failure of the justice to bind defendant over on the graver charge and filed an information charging defendant with such felony nevertheless. Defendant was convicted and appealed. This court reversed the judgment, saying:

"While one object of a preliminary examination is to inform the defendant of the nature and character of the crime charged against him, it is also a step, and a necessary step, in the proceeding that leads up to his trial in the district court. He may not be put upon his trial without the finding of the examining magistrate that there is probable cause for believing that he is guilty of the crime charged, and until a preliminary examination has ripened into such a finding and a consequent binding over to the district court, the county attorney is not authorized to file an information against him. 'The party accused has a right as a preliminary examination and a finding of probable cause, before he can be placed upon his final trial.' (*The State v. Montgomery*, 8 Kan. 355.) The defendants' plea in abatement ought to have been sustained, and the defendants not put upon trial as they were." (p. 127.)

If a reversal of the judgment of conviction on counts one and three would suffer the defendant to escape wholly unwhipped of justice, I might feel impelled to let the judgment stand notwithstanding the patent errors which it contains. But the unimpeached and unimpeachable verdict, judgment, and sentence based on count *two* will satisfy the demands of justice against this defendant; and I see no reason to befog the simple provisions of the code prescribed for bringing criminals to the bar of justice, such as will necessarily result from the decision in this case.

I therefore dissent from that part of the judgment which pertains to defendant's conviction and sentence under counts *one* and *three*.

Burch and Harvey, JJ., join in this dissent.