No. 36,839

THE STATE OF KANSAS, *Appellee,* v. ED BELISLE, *Appellant.*

(188 P. 2d 642)

Opinion filed January 24, 1948.

*Gale Moss,* of El Dorado, was on the briefs for the appellant.

*Edward F. Arn,* attorney general, and *Harold R. Fatzer,* assistant attorney general, were on the briefs for the appellee.

The opinion of the court was delivered by

BURCH, J.: The question presented is whether the district court erred in requiring the defendant to go to trial upon a complaint which the defendant contends had not been properly certified as required by G. S. 1945 Supp., 63-401. The part of the statute germane to the appeal reads:

"The justice from whose judgment the appeal is taken shall make return of the proceedings had before him, and shall *certify the complaint* and warrant together with all the recognizances to said district or criminal court on or before the first day of the term thereof next thereafter to be holden in the county; . . ." (Emphasis supplied.)

The complaint involved did not bear any separate certification but was attached to a "transcript on appeal," which transcript was verified by the affidavit of the judge of the county court. The district court ruled that the complaint was sufficiently certified. The state asserts that the ruling was correct, and in addition avers that the defendant cannot contend to the contrary because he at all times knew he was being tried upon the original complaint.

The defendant was convicted in the county court of driving a motor vehicle while under the influence of intoxicating liquor as de-

fined by G. S. 1945 Supp., 8-530. On appeal to the district court, the judge of the county court attached to the transcript the original complaint on which the defendant was tried in the county court, and filed such transcript with the clerk of the district court. The transcript on appeal reads:

"Be It Remembered, That in the County Court of Butler County, Kansas, the following proceedings which are attached hereto were had concerning the above entitled action: . . ."

Following such statement the proceedings and the dates thereof are listed, including an entry reading: "October 12, 1946, Complaint issued." The original complaint, state warrant, recognizance on appeal, journal entry of judgment, appeal bond, etc., were all attached to the transcript on appeal by stapling them thereon. The transcript closed with the following affidavit:

"I, Ralph B. Ralston, Judge of the County Court of Butler County, Kansas, do hereby certify that the above and foregoing is a full and true and complete transcript of the proceedings pertaining to the appeal taken in the above matter from the order, decision and judgment of said County Court to the District Court of Butler County, Kansas, as the same appears of and is of record in said Court.

"In Witness Whereof, I have hereunto set my hand and affixed the seal of said Court, at my office in the City of El Dorado, in said county and state, this 17th day of October, 1946."

Thereafter followed the signature of the judge and the seal of the court.

When the case was called for trial in the district court, counsel for the defendant made many and timely objections, including objections based upon the contention that no legal complaint or other accusation had been filed in the district court. After some discussion among counsel for the defendant, counsel for the state, and the court, pertaining to whether the defendant was going to trial upon an information or complaint, counsel for the defendant stated:

"Is it the understanding that the information is withdrawn from the file, and the original complaint will apply?

"The Court: That is right."

Thereupon the court overruled the defendant's objection to proceeding to trial because of the asserted faulty certification of the complaint. A jury was called and the trial proceeded.

On this appeal the only point raised is that the complaint was not properly certified in compliance with the statute. Counsel for the state make the contention that the objection as to the certification

of the complaint was not timely made. We are of the opinion that the point may not be supported by the record and therefore will consider the defendant's contention upon its merits.

The purpose of the statute involved is to insure and safeguard a defendant's right to be tried for the same offense in the district court for which he was tried and convicted in the lower court. The state asserts that the certificate in the case under consideration was sufficient for such purpose. There is no contention in this case that the complaint which was attached to the certified transcript was not the original complaint. And the statement by counsel for the defendant that it was his understanding that ". . . the original complaint will apply" indicates very strongly that such counsel was aware of its authenticity at the time of the trial. In such circumstances, it is difficult to discern wherein the defendant's rights have been prejudiced in any manner. If we regard the failure to place a separate certificate upon the complaint as a technical error or defect, we are admonished by G. S. 1935, 62-1718, that "On an appeal, the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties."

However, the diligent counsel for the defendant insists that the error complained of is not a technical error or defect and calls our attention to the following cases in which a similar question has been ruled upon by this court: *State v. Anderson*, 17 Kan. 89; *State v. Anderson*, 34 Kan. 116, 8 Pac. 275; *State v. English*, 34 Kan. 629, 9 Pac. 761; *State v. Allison*, 44 Kan. 423, 24 Pac. 964; *State v. Durein*, 65 Kan. 700, 70 Pac. 601; *State v. Plomondon*, 75 Kan. 853, 90 Pac. 254; *City of Salina v. Laughlin*, 106 Kan. 275, 187 Pac. 676; *State v. Madden*, 119 Kan. 263, 237 Pac. 663; and *State v. Hall*, 138 Kan. 460, 26 P. 2d 265. From the reported list of cases counsel for the defendant selects *State v. Anderson*, 17 Kan. 89, supra, *State v. Anderson*, 34 Kan. 116, *supra*, and particularly *State v. Durein*, supra, and asserts that such cases require a reversal in the present case.

In *State v. Anderson*, 17 Kan. 89, *supra*, the defendant was compelled to go to trial upon a certified copy of the complaint. The applicable statute then (as now) clearly read that upon appeal the cause should proceed to trial upon the *original* complaint. Obviously, a certified copy is not an original complaint as required by the statute. (See G. S. 1935, 63-402.) It was held in the opinion that it would be a dangerous precedent to permit certified

copies to be substituted for original complaints because there always would be more or less doubt as to the accuracy thereof. We do not have an instance of substitution in the present case.

In *State v. Anderson*, 34 Kan. 116, *supra*, the defendant was tried upon a complaint which was found among the papers in the case and which had not been certified to or authenticated in any manner. In the opinion it was stated that the statute requiring certification was obviously intended for the benefit of the defendant in order that there might be precision and certainty in the accusation made against him. Of course, the absence of any certificate would not be a compliance with a statute requiring a certificate. In the instant case the only complaint involved was attached to the transcript of the proceedings, and such transcript, with the complaint attached thereto, was certified by the judge of the county court to be a part "of the proceedings pertaining to the appeal taken in the above matter . . ." The attached complaint contained the signature of the complainant and of the judge of the county court, and the seal of the county court appeared thereon together with the filing stamp showing the date the complaint was filed in the court. Consequently, in the present case, even if it were not conceded that the defendant was tried upon the original complaint, this court would have no difficulty in reaching such a conclusion.

The cited cases, *State v. Anderson*, 17 Kan. 89, *supra*, and *State v. Anderson*, 34 Kan. 116, *supra*, were considered in the case of *State v. English*, supra, and part of the court's comment in the last-cited opinion is applicable here:

"There is no such showing here, and therefore we cannot say that the complaint in the record, and upon which the appellant was tried, is not the original one, nor can we say from the record that it has not been identified and certified to as such. *Unless the contrary affirmatively appears,* we are bound to presume that the proceedings were regular, and that the requirements of the statute were followed. It is true that the certification has not been indorsed on or attached to the complaint, but that is not essential. It is enough if it otherwise appears to have been certified to or authenticated. . . . Instead of an apparent defect from which a prejudice to the defendant might have resulted, there is that in the record which tends to show that the defendant was tried in the district court on exactly the same charge upon which he was tried and convicted in the justice's court, and that is the substantial requirement of the statute which it is claimed was violated." (p. 630.) (Emphasis supplied.)

The remaining case upon which the defendant principally relies is, as stated, that of *State v. Durein*, supra. In such case the justice

failed to certify the complaint before sending up the appeal papers, and the state, over objection of the defendant, was permitted to have the justice, before whom the case was originally tried, appear and certify the complaint. The certification was made after the trial had started, and it was held that the granting of such permission was erroneous. Since the statute then involved required that the certificate should be made "on or before the first day of the term thereof next thereafter to be holden in the county," and it does not appear that the certificate was not made at such time, such reason alone would justify the conclusion reached by the court in the Durein case, *supra*. In addition, it should be noted that in such case the justice who made the belated certificate was attempting to perform an official act outside of the territorial limits allowed for the exercise of the duties of the office. We think that the Durein case differs so materially from the present case that it is not controlling. There was no delay in this case in certifying the proceedings to the district court.

The remaining cases cited by counsel for the defendant likewise do not, in our opinion, support the contention of the defendant. It is unnecessary to burden the opinion with an analysis of all of them. From the opinion in *State v. Hall,* supra, which is the last case cited by the defendant, the following is quoted:

"The case was tried on the original complaint, but there was no individual certification written on that paper. As shown, the original complaint was attached to the transcript of the proceedings, and it, with the warrant and other papers, was attached and the whole certified to be a full, true and complete copy of the proceedings in the case. While the original complaint transmitted was a proceeding in the case, there was no individualization of the certificate and no statement that it was the complaint on which defendant was tried. . . . While the complaint had not been certified as the statute provides, it cannot be said that it was not authenticated in any manner." (p. 462.)

While the cited case differs from the present one in that the defendant's objection to the defective complaint was first raised on appeal in this court, nevertheless, the foregoing quotation from the opinion is pertinent to the present case, and again in this case "it cannot be said that it [the complaint] was not authenticated in any manner." While the wording of the certificate in the present case should be improved upon in similar instances, it is not necessary, in order to comply with the statute, that a separate certificate be placed upon the complaint and each instrument referred to in the statute.

The judgment of the district court is affirmed.