No. 45,546

STATE OF KANSAS, *Appellant,* v. ANNAS BROWN, *Appellee.*

(470 P. 2d 815)

Opinion filed June 13, 1970.

*Raymond F. Berkley,* County Attorney, argued the cause, and *Kent Frizzell,* Attorney General, was with him on the brief for the appellant.

*Herbert R. Hess,* of Hutchinson, argued the cause, and *John K. Leighnor,* of Hutchinson, was with him on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: Defendant, Annas Brown, was charged in the magistrate court of Reno County with procuring an abortion under the provisions of K. S. A. 21-437.

On July 12, 1968, defendant was tried, convicted and sentenced by the magistrate court to a term of one year in the Kansas State Industrial Farm for Women and to pay a fine in the amount of $500. Defendant appealed to the district court.

On October 28, 1968, defendant appeared for arraignment and trial in the district court. Defendant refused to enter a plea and moved for dismissal of the complaint and discharge on the ground the district court did not have jurisdiction because the complaint had not been certified as required by K. S. A. 63-401 and 402 (now 1969 Supp.).

The district court entered a plea of not guilty for defendant and recessed the trial in order that counsel might present arguments on the matter.

A jury venire was in attendance at the courthouse, but had not been called for *voir dire* examination.

The proceedings of the magistrate court were certified to the district court by the clerk of the magistrate court. The defendant argued she could not be put on trial in district court unless the original complaint was certified by the magistrate himself.

At this juncture the county attorney asked leave to call the judge of the magistrate court, who was present, as a witness to identify and certify the original complaint and all other records in the case. The defendant opposed the request of the county attorney on the ground that a term of the district court had expired since the trial in magistrate court and, therefore, an attempt to remedy the defect at this point would be in violation of 63-401, *supra*, which requires certification of the complaint on or before the first day of the next term of the district court.

The trial court ruled:

". . . There being no certification of the Annas Brown transcript by the magistrate court judge prior to commencement of the September term of this court, it is the opinion of this court that it cannot be amended since there is a new term of court. The motion of the defendant to halt further proceedings herein is granted."

This appeal by the state ensued.

The magistrate court of Reno County was established by K. S. A. 1967 Supp. 20-2541 [now 1969 Supp.], and according to the provisions of K. S. A. 1967 Supp. 20-2549 [now 1969 Supp.] criminal procedure before justices of the peace, set out in Chapter 63 (K. S. A.), was applicable at the time.

Procedures for criminal appeals from a justice of the peace are found in 63-401 and 402, *supra*.

The portion of 63-401, with which we are concerned, reads:

"The justice from whose judgment the appeal is taken shall make return of the proceedings had before him, and shall certify the complaint and warrant together with all the recognizances to said district or criminal court on or before the first day of the term thereof next thereafter to be holden in the county; . . ."

This section was amended in 1969 and certification by a clerk of the justice of the peace is now authorized. (K. S. A. 1969 Supp. 63-401.)

Section 63-402 provides in substance that the district court shall hear any cause brought by appeal from a justice of the peace upon the original complaint, unless such complaint be found insufficient and defective in which event the court shall at any stage of the proceedings order a new complaint to be filed therein. This section

has also been amended and authorizes the district court to hear the cause upon the original complaint or copy thereof certified as provided in K. S. A. 63-401, now 1969 Supp.

The requirements of 63-401, pertaining to certification of the original complaint by a justice of the peace, have been considered by this court in a number of cases. In the case of *State v. Belisle*, (1948) 164 Kan. 171, 188 P. 2d 642, what appears to be a complete list of all prior decisions dealing with the subject is set out on page 173 of the opinion. Justice Burch speaking for the court in *Belisle* reviews many of the prior decisions. It is unnecessary to extend this opinion by restating all that was said in *Belisle*. It will suffice to say the cases therein reviewed establish that the purpose of the statute is to insure and safeguard a defendant's right to be tried for the same offense in the district court, for which he was tried in the lower court, and that he be afforded a speedy trial in district court.

In the instant case the record of the magistrate court, including the complaint and warrant, was promptly certified to the district court by the duly appointed clerk of the magistrate court. The county attorney says the complaint included in the transcript is the original and the defendant makes no contention to the contrary; her only objection on this point being that it was not certified by the magistrate himself.

The state recognized the certification was not in strict compliance with the statute and attempted to cure the defect by producing the magistrate in the district court before the jury was impaneled and sworn. The district court denied the state's request to cure the certification on the ground that a term of the district court had expired since the trial in magistrate court. Thus the sole question before us on this point is whether the district court abused its discretion in denying the state's request under the circumstances existing.

Defendant argues that to allow certification of the magistrate on October 28, 1968, would have the effect of relating back to July 12, 1968, and thus would circumvent the requirement of 63-401, that the original complaint be certified on or before the commencement of a new term of the district court. Defendant relies heavily on the case of *State v. Durein*, 65 Kan. 700, 70 Pac. 601, to support her position. In *Durein* a district court conviction, after an appeal from a justice of the peace was, reversed for two reasons: (1) the justice

of the peace was permitted to certify the complaint after the jury had been impaneled and examination of a state's witness had been commenced and (2) the justice of the peace was outside his township of office when he certified the complaint.

On the first point this court said in the opinion that there is no rule which will give the certification of a complaint during a trial "relation back as of the time it should have been filed or certified." The relation back spoken of referred to the fact the trial had commenced and jeopardy attached in *Durein,* rather than that a term of court had expired.

In the instant case the state's request for permission to correct the certification was made prior to trial and the magistrate was within his jurisdiction.

In *City of Salina v. Laughlin,* 106 Kan. 275, 187 Pac. 676, a defendant went to trial in district court on an uncertified complaint without making an objection. On appeal this court held that under such circumstances the defendant had waived the lack of certification and stated in the opinion:

". . . Had the attention of the court been challenged to the matter now complained of it would have been the duty of the court to postpone the proceedings and order the complaint and warrant properly certified. (*The State v. Plomondon,* 75 Kan. 853, 90 Pac. 254.) . . . " (p. 276.)

In the *Plomondon* case the objection was made prior to trial, as in this case. The defendant—as here—cited *State v. Anderson,* 34 Kan. 116, 8 Pac. 275, and *State v. Durein,* supra, in distinguishing *Plomondon* from those cases the court said:

". . . But here, before the trial commenced, the court postponed the proceedings in order that the justice before whom the first trial was had could attach his certificate and thus complete his transcript. This is the proper practice. The *State v. Geary,* 58 Kan. 502, 49 Pac. 596.)" (pp. 853, 854.)

A new term of the Reno district court commenced on September 23, 1968. The state's request to cure the certification was presented to the district court on the day set for trail, October 28, 1968. It appears the record had been promptly, though incorrectly, certified up from the magistrate court. The defendant filed a motion to suppress evidence on September 24, 1968. The motion was heard and denied on September 27, and the case set for trial on October 28, 1968.

Obviously, no time was lost because of certification by the clerk rather than the magistrate. There is no indication whatsoever that defendant could have been tried prior to October 28, 1968.

*State v. Brockelman,* 173 Kan. 469, 249 P. 2d 692, is the only case called to our attention in which the time requirement of 63-401, *supra,* is discussed by this court. There the justice of the peace failed to certify the transcript to district court for a period of more than one year because of the county attorney's direction to hold up the case. The duty of the justice of the peace to certify the transcript to the district court on or before the next term was pointed out. However, a careful reading of the opinion reveals that the decision actually rested on the violation of the defendant's constitutional right to a speedy trial, rather than a technical violation of the statute, in failing to certify before the next term of court. The holding set forth in the syllabus refers only to the constitutional guarantee of a speedy trial.

In the *Brockelman* opinion the intention of the statute, with respect to time of certification, is set out in these words:

"The statute is intended to prevent the oppression of a citizen by holding criminal prosecutions suspended over him for an indefinite time, and to prevent delays in the administration of justice by imposing on the judicial tribunals an obligation to proceed with reasonable dispatch in the trial of criminal cases. It is a direction to the prosecuting officer to act and not delay the prosecution of those charged with crime." (p. 472.)

To guarantee defendant a trial on the same charge the statute requires that the original complaint be certified · to the district court. This requirement is clearly mandatory. The provision that the complaint be certified on or before the commencement of the next term of the district court is a direction against delay and to afford defendant a speedy trial. As was indicated in *Brockelman,* we believe this provision to be directory rather than mandatory and, in the absence of delay amounting to infringement of defendant's right to a speedy trial, the state should be allowed to cure a defective certification.

The essence of the requirements of 63-401, *supra,* is that the original complaint be certified to district court. In order to secure a speedy trial to defendant, the justice of the peace is directed to certify the complaint before commencement of a new term of district court.

Where the direction of a statute is given with a view to the proper, orderly and prompt conduct of business, it is generally regarded as directory, unless followed by words of absolute prohibition. (*Wilcox v. Billings,* 200 Kan. 654, 438 P. 2d 108; 82

C. J. S., Statutes, § 376, pp. 869, 872; 2 Sutherland Statutory Construction [3rd Ed.] § 2801, p. 214.)

A pertinent statement appears in 50 Am. Jur., Statutes, § 23:

"In many cases, statutory provisions as to the precise time when a thing is to be done are not regarded as of the essence, but are regarded as directory merely. This rule applies to statutes which direct the doing of a thing within a certain time without any negative words restraining the doing of it afterwards. . . ." (p. 46.)

While the complaint here was not certified by the justice of the peace, it cannot be said to be entirely without authentication. It was certified by the duly appointed and qualified clerk of the magistrate court. (L. 1965, Ch. 231, § 5, now K. S. A. 1969 Supp. 20-2545.) The order appointing the clerk and her oath of office are included in the record.

In the case at bar the state sought permission to secure certification by the magistrate before trial commenced in district court. There is no showing whatsoever that the deficient certification delayed defendant's trial, or that her rights were prejudiced in any way.

We believe defendant's right to a speedy trial on the original complaint was adequately safeguarded and that the trial court's denial of the state's request for permission to correct the certification, under the facts related, was an abuse of discretion.

The second specification of error by the state is that the trial court erred in sustaining defendant's motion to suppress evidence. The evidence in question was seized under authority of a search warrant which the trial court held did not sufficiently describe the items to be seized.

The search warrant was issued by the magistrate pursuant to an affidavit made by a police officer. In pertinent part the search warrant reads as follows:

"Having evidence under oath before me from which I find that there is probable cause to believe that an offense against the laws of the State of Kansas has been committed, to-wit: K. S. A. 21-437, and that certain items of property, to-wit:

"Various instruments and tools used in performing an abortion, which were instrumentalities of such offense are located in or upon or within a certain house located at the following premises, to-wit:

"Lots 35 and 36, Block 4, Fay Smith Addition to Hutchinson, Reno County, Kansas, more commonly known as 1508 East 5th, Hutchinson, Reno County, Kansas, and/or any outbuildings, garages or any part thereof."

Defendant argues the warrant fails to particularly describe the things to be seized and amounts to a general search warrant, exploratory in nature and, therefore, violates K. S. A. 62-1830 and 1831, and the Fourth Amendment to the Constitution of the United States.

The state, on the other hand, contends that because of the nature of the property involved here a technical identification or description would have necessitated the expertise of a trained surgeon.

Under the circumstances existing, we believe the property to be seized was described with reasonable particularity.

Constitutional specificity of property described in a search warrant was considered by this court in the recent case of *State v. Walker*, 202 Kan. 475, 449 P. 2d 515, where it is stated:

"Appellant contends the trial court erred in receiving in evidence the items seized at appellant's apartment because the warrants were not constitutionally specific as to the premises to be searched or the property to be seized. As to the latter, the affidavit for the search warrant and the search warrant described the property to be seized as 'cooking utensils,' which we think was sufficient. . . ." (479.)

In *Walker* the property described was alleged to be fruits of the crime charged. (burglary in the second degree) In the case at bar the items of property described are declared to be instruments and tools used in the perpetration of the crime and were instrumentalities of the offense.

*State v. Ferrari*, 80 N. M., 714, 460 P. 2d 244, dealt with the sufficiency of the description of instruments of the crime charged. The court said:

"The appellant complains that the warrant itself was constitutionally defective because it was a general warrant authorizing a search for any item in five separate places relating to the death of an unknown individual whose body had been found at described location, and for specific items completely unrelated to any statement of fact in the affidavits. This contention must be rejected. A description in a warrant which does not name items seized but includes instruments of the crime is not so vague as to invalidate the search warrant. *United States v. Robinson*, 287 F. Supp. 245, (N. D. Ind. 1968). Likewise, any item relating to the death is not so vague as to render the warrant invalid. . . ." (p. 718.)

In *State v. Seefeldt*, 51 N. J. 472, 242 A. 2d 322, a description of "weapon or weapons used in the crime of murder" was challenged for want of specificity. The court said:

"The description contained in the warrant instructed the executing officer to search defendant's apartment and automobile for 'weapon or weapons used in the crime of murder, *bloodstained clothes* or rags and other instruments or

paraphernalia used in crime of murder.' (Emphasis added.) It cannot be maintained that the phrase 'bloodstained clothes' is not sufficiently specific to cover the seizure of the bloodstained carcoat. The other phrases in the description likewise were of adequate specificity to eliminate any room for the exercise of discretion by the searcher as to the items to be seized. See *Marron v. United States,* 275 U. S. 192, 48 S. Ct. 74, 72 L. Ed. 231 (1927). See also *Stanford v. State of Texas,* 379 U. S. 476, 486, 85 S. Ct. 506, 13 L. Ed. 2d 431, 437 (1965). To require a more detailed description in these circumstances would be to push the Fourth Amendment to absurdity." (p. 490.)

The difficulty encountered when circumstances make an exact description a virtual impossibility was considered in *James v. United States,* 416 F. 2d 467 (5th Cir. 1969), wherein the court said:

". . . His counsel argues that the search was a general exploratory one in violation of the Fourth and Fifth Amendments, and that probable cause was not demonstrated in the affidavits. We do not agree. The search was for the instrumentalities involved. It was not general. It was not exploratory. The place to be searched and the items to be seized were as precisely identified in the warrant as the nature of the activity permitted. When circumstances make an exact description of instrumentalities, a virtual impossibility, the searching officer can only be expected to describe the generic class of items he is seeking. . . ." (p. 473.)

Defendant cites *Stanford v. Texas,* 379 U. S. 476, 13 L. Ed. 2d 431, 85 S. Ct. 506, wherein a warrant describing the things to be seized as books, records, pamphlets, etc., concerning the Communist Party of Texas, was held to be constitutionally deficient. The court emphasized the fact, however, that the things to be seized in *Stanford* were books, and that when the basis for their seizure is the ideas which they contain, the most scrupulous exactitude is required. The description of property in the *Stanford* search warrant is obviously distinguishable from the description of the things to be seized in the case at bar, which were described as instrumentalities of the crime charged. For this reason the cases are not analogous.

In view of what has been said the orders of the trial court appealed from are reversed and the cause remanded with directions to permit the state to secure certification of the original complaint by the magistrate and to reinstate the complaint for further proceedings in accordance with the views expressed herein.

FONTRON, J., not participating.